UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

| | |
|---|---|
| **Donald Guarriello and Valerie Holloway** on behalf of themselves and all other persons similarly situated, known and unknown, | Case No. |
| Plaintiffs, | **CLASS AND COLLECTIVE ACTION COMPLAINT** |
| vs. | |
| **Yashna Asnani and Jane Doe Asnani**, a Married Couple**, Renu Verma and John Doe Verma**, a Married Couple**, Classic Café Cuisine, LLC,** a New Mexico Limited Liability Company; **Barreras Enterprises, Inc.,** a New Mexico Corporation; New Mexico's Best Diner, LLC, a New Mexico Limited Liability Company, | |
| Defendants. | |

Plaintiffs, Donald Guarriello ("Plaintiff Guarriello") and Valerie Holloway ("Plaintiff Holloway"), on behalf of themselves and all other persons similarly situated who are current or former servers of Defendants who agree in writing to join this action ("Collective Members" and "Class Members) (collectively "Plaintiffs"). and by and through the undersigned attorney(s), sue the Defendants, Classic Café Cuisine, LLC, Barreras Enterprises, Inc., New Mexico's Best Diner, LLC, Yashna Asnani and Jane Doe Asnani, and Renu Verma and John Doe Verma (collectively "Defendants"); and allege as follows:

**PRELIMINARY STATEMENT**

1.     This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* for Defendants' failure to pay Plaintiffs Guarriello and Holloway and other similarly-situated employees all earned minimum and overtime wages.

1

2.      This lawsuit also arises under New Mexico Statutes Ann. § 50-4 *et seq.,* ("NMSA Minimum Wage Act") for Defendants' failure to pay Plaintiffs Guarriello and Holloway and other similarly-situated employees all earned minimum and overtime wages.

3.      Plaintiffs Guarriello and Holloway, individually, and on behalf of all others similarly-situated, bring this action against Defendants for their unlawful failure to pay minimum wage and overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201-219 (the "FLSA").

4.      Plaintiffs Guarriello and Holloway, individually, and on behalf of all others similarly-situated, bring this action against Defendants for their unlawful failure to pay minimum wage and overtime due and owing Plaintiffs and others similarly-situated in violation of the NMSA Minimum Wage Act § 50-4 *et seq*.

5.      Plaintiffs Guarriello and Holloway bring a collective action under the FLSA to recover the unpaid minimum wages and overtime owed to them individually and on behalf of all other similarly-situated servers, current and former, of Defendants.  Members of the Collective Action are referred to as the "Collective Members."

6.      Additionally, Defendants' failure to compensate Plaintiffs Guarriello and Holloway and all other non-exempt servers at a rate equal to New Mexico's required minimum wage violates NMSA § 50-4-22.  Plaintiffs Guarriello and Holloway, therefore, bring a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure to recover unpaid wages and other damages owed under the NMSA Minimum Wage Act.  Members of the Rule 23 Class Action are referred to as the "Class Members."

7.      The Collective Members are all current and former servers who were employed by Defendants at any time starting three years before this Complaint was filed, up to the present.

8.     The Class Members are all current and former servers who were employed by Defendants at any time starting three years before this Complaint was filed, up to the present.

9.     Defendants own and operate a chain of Denny's restaurants which are the subject of this lawsuit.

10.    Defendants have a policy or practice of paying its employee servers sub-minimum hourly wages under the tip-credit provisions of the FLSA and NMSA Minimum Wage Act.

11.    The prerequisites to taking a tip credit from the wages of an employee, which are set forth in 29 U.S.C. § 203(m) and 29 C.F.R. § 531.59(b), state that "an employer is not eligible to take the tip credit unless it has informed its tipped employees in advance of the employer's use of the tip credit of the provisions of section 3(m) of the Act." These include (1) the amount of cash wage that is to be paid to the tipped employee by the employer; (2) The additional amount by which the wages of the tipped employee are increased on account of the tip credit claimed by the employer, which amount may not exceed the value of the tips actually received by the employee; (3) That all tips received by the tipped employee must be retained by the employee except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips; and (4) that the tip credit shall not apply to any employee who has not been informed of these requirements in this section. *Id*.

12.    Defendant failed to inform Plaintiffs Guarriello and Holloway and the Collective Members of (1) the amount of the tip credit being claimed by Defendant; (2) that the amount claimed by Defendant must not exceed the value of the tips actually received by Plaintiffs and the Collective Members; and (3) that all tips received by Plaintiffs and Collective Members must be retained by the Plaintiffs and the Collective Members in the absence of a valid tip pooling arrangement limited to employees who customarily and regularly receive tips. As such,

Defendant was not entitled to apply the tip credit to the wages paid to Plaintiffs and the Collective Members.

13.     Under the tip-credit provisions of the FLSA, an employer of tipped employees may, under certain circumstances, pay those employees less than the minimum hourly wage and take a "tip credit" against its minimum wage obligations.  But an employer is *not* permitted to take a tip credit against its minimum wage obligations when it (1) requires its tipped employees to perform non-tipped work that is ***unrelated*** to the employees' tipped occupation (i.e., "dual jobs"); **or** (2) when the employer requires its tipped employees to perform non-tipped that is ***related*** to the employees' tipped occupation such as cleaning and setting tables, toasting bread, making coffee and washing dishes or glasses more than "part of the time" or "occasionally". 29 C.F.R. §531.56(e) ("Dual Jobs" regulation); *E.g. Fast v. Applebee's Int'l, Inc.*, 638 F.3d 872, 880 (8th Cir. 2011) ("employees who spend 'substantial time' (defined as more than 20 percent) performing related but nontipped duties should be paid at the full minimum wage for that time").

14.     Defendants violated the FLSA by enforcing a policy or practice of paying Plaintiffs and the Collective Members sub-minimum, tip-credit wages even when it required those employees to perform non-tipped work that is ***unrelated*** to their tipped occupation (i.e., "dual jobs").

15.     Defendants violated the FLSA by enforcing a policy or practice of requiring servers to perform non-tipped work that, even if it was ***related*** to their tipped occupation, was performed more than occasionally or part of the time. Instead, Defendants require such ***related*** non-tipped labor to be performed for unreasonable amounts of time that are not contemporaneous to direct customer service duties and for amounts of time that exceed 20

percent of Plaintiffs' and the Collective Member's time worked in one or more individual workweeks.

16.     Defendants engaged in the regular practice of not allowing to retain all tips they earned because they subjected Plaintiffs and the Collective Members to "charge backs" in which Defendants required Plaintiffs Guarriello and Holloway and the Collective Members to reimburse Defendants for cash shortages, customer walkouts, food spoilage and breakage.  Such policy and practice resulted in Defendants retaining tips that their tipped employees earned, in violation of 29 U.S.C. § 203(m).

17.     Defendants engaged in the regular practice of not allowing to retain all tips they earned because they subjected Plaintiffs and the Class Members to "charge backs" in which Defendants required Plaintiffs Guarriello and Holloway and the Collective Members to reimburse Defendants for cash shortages, customer walkouts, food spoilage and breakage.  Such policy and practice resulted in Defendants retaining tips that their tipped employees earned, in violation of NMSA § 50-4-22.

18.     For example, in or around late December 2017 or early January 2018, Plaintiff Holloway's manager required her to reimburse Defendants, from her tips, after customers left the restaurant without paying their bill, which was approximately $50.

19.     Defendants engaged in the regular practice of requiring Plaintiffs Guarriello and Holloway, the Collective Members, and the Class Members to perform labor each shift while not clocked in ("off-the-clock").  This practice most commonly occurred, though not exclusively, when Plaintiffs Guarriello and Holloway, the Collective Members, and the Class Members were nearing 40 hours worked in any given workweek. In other words, this practice most commonly occurred to avoid paying Plaintiffs Guarriello and Holloway the Collective Members, and the

Class Members overtime. During such time, Defendants did not record the time that Plaintiffs Guarriello and Holloway, the Collective Members, and the Class Members worked, and Defendants did not compensate Plaintiffs Guarriello and Holloway, the Collective Members, and the Class Members for such time that they worked.  As such, Defendants' records of Plaintiffs' time worked, if in existence, understate the duration of time each workweek that Defendants suffered or permitted Plaintiffs Guarriello and Holloway, the Collective Members, and the Class Members to work.

20.    By requiring Plaintiffs Guarriello and Holloway and the Collective Members to work off-the-clock, Defendants violated both the minimum wage provisions of 29 U.S.C. § 206 and the overtime provisions of 29 U.S.C. § 207.

21.    By requiring Plaintiffs Guarriello and Holloway and the Class Members to work off-the-clock, Defendants violated both the minimum wage and overtime provisions of NMSA § 50-4-22.

22.    The FLSA, 29 U.S.C. § 207, requires that employers pay non-exempt employees one and one-half times their regular rates of pay for all time worked in excess of 40 hours in a given workweek.  An employer of tipped employees who imposes a tip credit upon the wages of those tipped employees must pay, at minimum, one and one-half times the full, applicable minimum wage, less the available tip credit, to those employees for all time they spend working in excess of 40 hours in a given workweek.

23.    The FLSA specifically prohibits an employer from calculating a tipped employee's overtime rate at one and one-half times that employee's sub-minimum-wage hourly rate of pay.  29 C.F.R. § 531.60.  *See also Inclan v. New York Hospitality Group, Inc.*, 95 F.Supp.3d 490, 498-99 (S.D.N.Y. March 26, 2015).

6

24.     NMSA § 50-4-22(D) requires that employers pay non-exempt employees one and one-half times their regular rates of pay for all time worked in excess of 40 hours in a given workweek.  An employer of tipped employees who imposes a tip credit upon the wages of those tipped employees must pay, at minimum, one and one-half times the full, applicable minimum wage, less the available tip credit, to those employees for all time they spend working in excess of 40 hours in a given workweek.

25.     For example, the New Mexico minimum wage in 2018 is $7.50.  If an employer of tipped employees has satisfied its tip credit obligations, it may impose a tip credit on that overtime rate of up $5.37 per hour, for a total minimum hourly rate of $2.13. NMSA § 50-4-22(C).

26.     In order for an employer of tipped employees to calculate the proper overtime rate, such employer must multiply $7.50 by one and one-half, for a total minimum overtime wage of $11.25.  If that employer has satisfied its tip credit obligations, it may impose a tip credit on that overtime rate of up $5.37 per hour, for a total minimum overtime hourly rate of $5.88.

27.     If an employer were to instead calculate its tipped employees' overtime rate by multiplying the tip credit rate of pay of $2.13 by one and one-half times, for a total rate of $3.20, such a calculation would be improper, and would have the effects of: (1) increasing the tip credit imposed by the employer beyond the permissible $5.37 to $8.05 hourly, and (2) imposing two separate and distinct tip credits upon the tipped employees.

28.     Defendants imposed a tip credit upon all of their tipped employees, including Plaintiffs Guarriello and Holloway, the Collective Members, and the Class Members.

29.     When Defendants did not require Plaintiffs Guarriello and Holloway, the Collective Members, and the Class Members to work off-the-clock, and instead permitted

Plaintiffs Guarriello and Holloway, the Collective Members, and the Class Members to stay clocked in past 40 hours in any given workweek, Defendants subjected Plaintiffs Guarriello and Holloway, the Collective Members, and the Class Members to its policy of calculating its tipped employees' overtime rate by multiplying the applicable tip credit rate of pay by one and one-half times, rather than multiplying the full applicable minimum wage by one and one-half and then subtracting the available tip credit.

30. Therefore, Defendants subjected Plaintiffs Guarriello and Holloway, the Collective Members and the Class Members to its policy of not paying one and one-half times their regular rates of pay for all time worked in excess of 40 hours in a given workweek, in violation of 29 U.S.C. § 207 and NMSA § 50-4-22(D). Such a practice resulted in Defendants imposing a tip credit upon Plaintiffs Guarriello and Hollowayand the Collective Members that exceeded the permissible $5.37 per hour in 2019 under NMSA Minimum Wage Act and the FLSA.

## JURISDICTION AND VENUE

31. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.* because this civil action arises under the laws of the United States. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1367 because this action contains claims arising under New Mexico law that are so related to Plaintiffs' claims under 29 U.S.C. § 201, *et seq.* that they form part of the same case or controversy under Article III of the United States Constitution.

32. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiffs Guarriello and Holloway, the Collective Members, and the Class Members occurred within the District of New Mexico, and Defendants regularly conduct

business in and have engaged in the wrongful conduct alleged herein – and, thus, is subject to personal jurisdiction in – this judicial district.

33.     Plaintiffs Guarriello and Holloway and the Collective Members, in their work for Defendants, were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

## **PARTIES**

34.     Plaintiff Guarriello is an individual residing in Santa Fe County, New Mexico, and was formerly employed as server by Defendants at their Denny's Restaurants.

35.     Plaintiff Gauriello was employed as a server at Defendants' Denny's restaurants located at 3004 Cerrillos Road, Santa Fe, New Mexico 87507; 1602 Coors Road NW, Albuquerque, New Mexico 87121; 2400 San Mateo Blvd. NE, Albuquerque, New Mexico 87110; and 11261 Menaul Blvd. NE, Albuquerque, New Mexico 87112 from approximately 2013 through approximately July 31, 2019.

36.     Plaintiff Holloway is an individual residing in Bernalillo County, New Mexico, and was formerly employed as a server by Defendants at their Denny's Restaurants.

37.     Plaintiff Holloway was employed as a server at Defendants' Denny's restaurants located at 1620 Towne Center Lane S.E., Albuquerque, New Mexico 87106; 2400 San Mateo Blvd. NE, Albuquerque, New Mexico 87110; and 11261 Menaul Blvd. NE, Albuquerque, New Mexico 87112 from approximately 2014 through approximately July 2019.

38.     At all material times, Plaintiffs Guarriello and Holloway were paid by Defendants as tipped employees under the FLSA and NMSA Minimum Wage Act.

39.     Defendants employed Plaintiffs Guarriello and Holloway to perform various tipped and non-tipped duties, including, but not limited to, serving drinks and food to customers, cleaning, busing tables, washing dishes and other side work.

40.     At all material times, Plaintiffs Guarriello and Holloway were employees of Defendants as defined in 29 U.S.C. § 203(e)(1), non-exempt employees under 29 U.S.C. § 213(a)(1), and non-exempt employees as defined by NMSA § 50-4-21(C).

41.     Plaintiffs Guarriello and Holloway have given their written consent to be Representative Plaintiffs in this action pursuant to 29 U.S.C. § 216(b), true and accurate copies of which are attached hereto as Exhibit "A".

42.     Defendants Yashna Asnani and Jane Doe Asnani are, upon information and belief, husband and wife.  They have caused events to take place giving rise to this action as to which their marital community is fully liable.  Defendants Yashna Asnani and Jane Doe Asnani are the owners of Defendants Classic Café Cuisine, LLC, Barreras Enterprises, Inc., New Mexico's Best Diner, LLC and were at all relevant times Plaintiffs' employers as defined by the FLSA, 29 U.S.C. § 203(d).

43.     Under the FLSA, Defendants Yashna Asnani and Jane Doe Asnani are employers. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  Defendants Yashna Asnani and Jane Doe Asnani are the owners of Defendants Classic Café Cuisine, LLC, Barreras Enterprises, Inc., New Mexico's Best Diner, LLC.  They had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As

10

persons who acted in the interest of Defendants in relation to the company's employees, Yashna Asnani and Jane Doe Asnani are subject to individual liability under the FLSA.

44.     Defendants Renu Verma and John Doe Verma are, upon information and belief, husband and wife.  They have caused events to take place giving rise to this action as to which their marital community is fully liable.  Defendants Renu Verma and John Doe Verma are the owners of Defendants Classic Café Cuisine, LLC, Barreras Enterprises, Inc., New Mexico's Best Diner, LLC and were at all relevant times Plaintiffs' employers as defined by the FLSA, 29 U.S.C. § 203(d).

45.     Under the FLSA, Defendants Renu Verma and John Doe Verma are employers. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  Defendants Renu Verma and John Doe Verma are the owners of Defendants Classic Café Cuisine, LLC, Barreras Enterprises, Inc., New Mexico's Best Diner, LLC.  They had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As persons who acted in the interest of Defendants in relation to the company's employees, Renu Verma and John Doe Verma are subject to individual liability under the FLSA.

46.     At all material times, Classic Café Cuisine, LLC was a limited liability company duly licensed to transact business in the State of New Mexico.

47.     Defendant Classic Café Cuisine, LLC owns and operates several of Defendants' Denny's Restaurants, including those which employed Plaintiffs Guarriello and Holloway, in the State of New Mexico.

48.     At all relevant times, Defendant Classic Café Cuisine, LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, maintained employment records in connection with Plaintiffs' employment, and acted both directly and indirectly in the interests of Defendants' Denny's restaurants in relation to their employees. As such, Defendant Classic Café Cuisine, LLC is Plaintiffs' "employer," as defined by the FLSA and NMSA Minimum Wage Act. 29 U.S.C. § 203(d); NMSA § 50-4-21(B).

49.     At all material times, Barreras Enterprises, Inc. was a corporation duly licensed to transact business in the State of New Mexico.

50.     Defendant Barreras Enterprises, Inc. owns and operates several of Defendants' Denny's Restaurants, including those which employed Plaintiffs Guarriello and Holloway, in the State of New Mexico.

51.     At all relevant times, Defendant Barreras Enterprises, Inc. had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, maintained employment records in connection with Plaintiffs' employment, and acted both directly and indirectly in the interests of Defendants' Denny's restaurants in relation to their employees. As such, Defendant Classic Café Cuisine, LLC is Plaintiffs' "employer," as defined by the FLSA and NMSA Minimum Wage Act. 29 U.S.C. § 203(d); NMSA § 50-4-21(B).

52.     At all material times, New Mexico's Best Diner, LLC was a limited liability company duly licensed to transact business in the State of New Mexico.

53.     Defendant New Mexico's Best Diner, LLC owns and operates several of Defendants' Denny's Restaurants, including those which employed Plaintiffs Guarriello and Holloway, in the State of New Mexico.

54.     At all relevant times, Defendant New Mexico's Best Diner, LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, maintained employment records in connection with Plaintiffs' employment, and acted both directly and indirectly in the interests of Defendants' Denny's restaurants in relation to their employees. As such, Defendant New Mexico's Best Diner, LLC is Plaintiffs' "employer," as defined by the FLSA and NMSA Minimum Wage Act. 29 U.S.C. § 203(d); NMSA § 50-4-21(B).

## DEFENDANTS ARE A "SINGLE ENTERPRISE" AND "JOINT EMPLOYER"

55.     Defendants own and operate a chain or chains of franchised Denny's restaurants.

56.     At all material times, Defendants have operated as a "single enterprise" within the meaning of Section 203(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1). That is, Defendants perform related activities through unified operation and common control for a common business purpose; namely, the operation of a chain of Denny's restaurants.

57.     At all material times: (1) Defendants were not completely disassociated with respect to the employment of Plaintiff; and (2) Defendants were under common control.  In any event, at all relevant times, all Defendants were joint employers under the FLSA.

58.     Defendants are engaged in related activities, *i.e.* all activities which are necessary to the operation and maintenance of the aforementioned Denny's restaurants.

59.     Defendants constitute a unified operation because they have organized the performance of their related activities so that they are an organized business system, which is an economic unit directed to the accomplishment of a common business purpose.

60.     Defendants run each Denny's restaurant identically, or virtually identically, and Defendants' customers can expect the same kind of customer service regardless of the location.

61.     Defendants share employees between restaurant locations.

62.     Defendants share common management between restaurant locations. The Denny's restaurants share common human resources and payroll services.

63.     Defendants use the trade name "Denny's" at all of their Denny's restaurant locations.

64.     Defendants' restaurants are advertised on the same website.

65.     Defendants provide the same array of products and services to their customers at its Denny's restaurant locations.

66.     Defendants' Denny's restaurants are open 24-hours a day. They do not sell alcohol. They primarily sell breakfast foods and other food items with low profit margins. As such, part of Defendants' business model relies on keeping labor costs extraordinarily low. These low labor targets and requirements, across all of Defendants' Denny's restaurants, have contributed to the wage violations alleged in this complaint.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

67.     Plaintiffs Guarriello and Holloway and the Collective Members bring the FLSA claims in this action as a collective action under 29 U.S.C. § 216(b).

68.     Plaintiffs Guarriello and Holloway assert those claims on behalf of themselves, and on behalf of all similarly situated tipped employees employed by Defendants, who were not

14

paid all compensation required by the FLSA during the relevant time period as a result of Defendants' compensation policies and practices.

69.     Plaintiffs Guarriello and Holloway seek to notify the following employees of their rights under 29 U.S.C. § 216(b) to join this action by filing in this Court written notice of their consent to join this action:

> **All individuals who worked at any time during the past three years at any restaurant owned or operated by Defendants in the job position of server and who were paid for their work on an hourly basis according to the tip credit provisions of the FLSA, (*i.e.* an hourly rate less than the applicable minimum wage, excluding tips).**

70.     The FLSA provides for a three-year statute of limitations for causes of action arising out of a willful violation of the Act. 29 U.S.C. § 255. As alleged above, Plaintiffs Guarriello and Holloway and similarly situated employees' claims arise out of Defendants' willful violations of the FLSA. Accordingly, the Court should require appropriate notice of this action be given to all tipped employees employed by Defendants within three years from the filing of this Complaint.

71.     Upon information and belief, Defendants have employed thousands of tipped employees during the period relevant to this action.

72.     The identities of these employees, as a group, are known only to Defendants. Because the numerous members of this collective action are unknown to Plaintiffs, joinder of each member is not practicable.

73.     Because these similarly situated tipped employees are readily identifiable by Defendants and may be located through their records, they may be readily notified of this action and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their FLSA claims.

74.    Collective adjudication is appropriate in this case because the tipped employees whom Plaintiffs wish to notify of this action have been employed in positions similar to Plaintiffs; have performed work similar to Plaintiffs; and have been subject to compensation practices similar to those to which Plaintiffs have been subjected, including unlawful payment of sub-minimum wages for non-tipped work and unlawful application of the FLSA's tip credit provisions.

## NEW MEXICO CLASS ACTION ALLEGATIONS

75.    Plaintiffs Guarriello and Holloway bring their New Mexico wage claims as a Rule 23 class action on behalf of the following Class Members:

> **The Class Members are all of Defendants' current and former servers who were paid an hourly rate of less than the New Mexico minimum wage on account of their receiving tips, starting <u>three years before this lawsuit was filed up to the present.</u>**

76.    <u>Numerosity</u>.  The number of Class Members is believed to be in the thousands. This volume makes bringing the claims of each individual Class Member before this Court impracticable.  Likewise, joining each individual Class Member as a plaintiff in this action is impracticable.  Furthermore, the identity of the Class Members will be determined from Defendants' records, as will the compensation paid to each of them.  As such, a class action is a reasonable and practical means of resolving these claims.  To require individual actions would prejudice the Class Members and Defendants.

77.    <u>Typicality</u>.  Plaintiffs Guarriello and Holloway's claims are typical of the Class Members because like the Class Members, Plaintiffs Guarriello and Holloway weresubject to Defendants' company-wide policies and practices and was compensated in the same manner as the other Class Members.  Defendants regularly required Plaintiffs Guarriello and Holloway and the Class Members to work off-the-clock.  This was commonly, though not exclusively, required

16

to prevent Plaintiffs Guarriello and Holloway and the Class Members from being clocked in for more than 40 hours in a given workweek.  As a result, Defendants failed to pay Plaintiffs Guarriello and Holloway and the Class Members both minimum wage and overtime for hours worked.

78.     As a result of such policy and practice by Defendants, Defendants violated the minimum and overtime wage provisions of NMSA § 50-4-22.

79.     Adequacy.  Plaintiffs Guarriello and Holloway are representative parties who will fairly and adequately protect the interests of the Class Members because it is in his interest to effectively prosecute the claims in this Complaint in order to obtain the unpaid wages and penalties required under New Mexico law.  Plaintiffs Guarriello and Holloway have retained attorneys who have expertise in both class actions and wage and hour litigation.  Plaintiffs Guarriello and Holloway does not have any interest that may be contrary to or in conflict with the claims of the Class Members he seeks to represent.

80.     Commonality. Common issues of fact and law predominate over any individual questions in this matter.  The common issues of fact include, but are not limited to:

a.     Whether Defendants required Plaintiffs Guarriello and Holloway and the Class Members to perform work off-the-clock;

b.     Whether Defendants failed to pay Plaintiffs Guarriello and Holloway and the Class Members minimum wage for all hours worked;

c.     Whether Defendants failed to pay Plaintiffs Guarriello and Holloway and the Class Members the legally required overtime rate for all hours worked in excess of 40 hours in any given workweek.

81. Common issues of law include, but are not limited to:

17

a.   Whether Defendants properly paid all minimum wages due and owing to Plaintiffs Guarriello and Holloway and the Class Members;

b.   Whether Defendants were entitled to impose a tip credit on the wages of Plaintiffs Guarriello and Holloway and the Class Members;

c.   Whether Plaintiffs Guarriello and Holloway and the Class Members are entitled to compensatory damages;

d.   The proper measure of damages sustained by Plaintiffs Guarriello and Holloway and the Class Members; and

e.   Whether Defendants' actions were "willful."

82.     Superiority.  A class action is superior to other available means for the fair and efficient adjudication of this lawsuit.  Even in the event any of the Class Members could afford to pursue individual litigation against a company the size of Defendants, doing so would unduly burden the system.  Individual litigation would magnify the delay and expense to all parties and burden the court system with duplicative lawsuits.  Prosecution of separate actions by individual Class Members would create the risk of inconsistent or varying judicial results and establish incompatible standards of conduct for Defendants.

83.     A class action, by contrast, presents far fewer management difficulties and affords the benefits of uniform adjudication of the claims, financial economy for the parties, and comprehensive supervision by a single court and Judge.  By concentrating this litigation in one forum, judicial economy and parity among the claims of individual Class Members are promoted.  Additionally, class treatment in this matter will provide for judicial consistency. The identities of the Class Members are readily identifiable from Defendants' records.

18

84.     This type of case is well-suited for class action treatment because: (1) Defendants' practices, policies, and/or procedures were uniform and company-wide; (2) the burden is on Defendants to prove it properly compensated its employees; (3) the burden is on Defendants to accurately record hours worked by employees; and (4) the burden is on Defendants to prove it properly imposed the tip credit upon its employees.

85.     Ultimately, a class action is a superior forum to resolve the New Mexico state law claims set forth in this Complaint because of the common nucleus of operative facts centered on the continued failure of Defendants to pay Plaintiffs Guarriello and Holloway and the Class Members according to applicable New Mexico laws.

86.     <u>Nature of Notice to be Proposed</u>.  As to the Rule 23 Class Members, it is contemplated that notice would be issued giving putative class members an opportunity to opt out of the class if they so desire, *i.e.* an "opt-out notice."  Notice of the pendency and resolution of the action can be provided to the Class Members by mail, electronic mail, print, broadcast, internet, and/or multimedia publication.

**COUNT ONE: FAIR LABOR STANDARDS ACT**
**FAILURE TO PROVIDE NOTICE OF TIP CREDIT TO PLAINTIFFS**

87.     The prerequisites to taking a tip credit from the wages of an employee, which are set forth in 29 U.S.C. § 203(m) and 29 C.F.R. § 531.59(b), state that "an employer is not eligible to take the tip credit unless it has informed its tipped employees in advance of the employer's use of the tip credit of the provisions of section 3(m) of the Act." These include (1) the amount of cash wage that is to be paid to the tipped employee by the employer; (2) The additional amount by which the wages of the tipped employee are increased on account of the tip credit claimed by the employer, which amount may not exceed the value of the tips actually received by the employee; (3) That all tips received by the tipped employee must be retained by the employee

except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips; and (4) that the tip credit shall not apply to any employee who has not been informed of these requirements in this section. *Id.*

88.     Defendants failed to inform Plaintiffs Guarriello and Holloway and the Collective Members of (1) the amount of the tip credit being claimed by Defendants; (2) that the amount claimed by Defendants must not exceed the value of the tips actually received by Plaintiffs Guarriello and Holloway and the Collective Members; and (3) that all tips received by Plaintiffs Guarriello and Holloway and Collective Members must be retained by the Plaintiffs Guarriello and Holloway and the Collective Members in the absence of a valid tip pooling arrangement limited to employees who customarily and regularly receive tips. As such, Defendants were not entitled to apply the tip credit to the wages paid to Plaintiff and the Collective Members.

89.     Defendants failed and/or refused to pay Plaintiffs Guarriello and Holloway and the Collective Members the full minimum wage according to the provisions of the FLSA for each and every workweek that Plaintiffs Guarriello and Holloway and the Collective Members worked for Defendants, for the duration of their employment, in violation of 29 U.S.C. § 206(a).

90.     As such, full applicable minimum wage for such time Plaintiffs Guarriello and Holloway and the Collective Members worked is owed to Plaintiffs Guarriello and Holloway and the Collective Members for the entire time they were employed by Defendants.

91.     Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiffs Guarriello and Holloway and the Collective Members the full minimum wage over the course of their employment would violate federal law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiffs Guarriello and Holloway's and the

Collective Members' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

92.     Plaintiffs Guarriello and Holloway and the Collective Members are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorneys' fees, and costs.

**WHEREFORE**, Plaintiffs, Donald Guarriello and Valerie Holloway, on behalf of themselves and all other similarly situated persons, respectfully request that this Court grant relief in Plaintiffs Guarriello and Holloway's and the Collective Members' favor, and against Defendants for compensation for unpaid minimum wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

**COUNT TWO: FAIR LABOR STANDARDS ACT**
**LABOR UNRELATED TO PRIMARY DUTIES OF TIPPED OCCUPATATION**

93.     Defendants failed and/or refused to comply with the FLSA, 29 U.S.C. § 201, et seq., and 29 C.F.R. § 531.56(e) by requiring Plaintiffs Guarriello and Holloway and the Collective Members in a given workweek, and during each and every workweek Plaintiffs Guarriello and Holloway and the Collective Members were employed by Defendants, to perform non-tipped labor *unrelated* to their tipped occupations, including but not limited to: working the grill line and performing the primary job duties of cook; performing the primary job duties of a host or  hostess; taking out trash; scrubbing walls; sweeping and mopping floors; cleaning booths; operating the dishtank and performing the primary job duties of a dishwasher; breaking down and cleaning the server line; ensuring the general cleanliness for the front of the house; detail cleaning throughout the restaurant; stocking stations throughout the restaurant; stocking

ice; preparing delivery orders Uber Eats, Grub Hub and Door Dash; preparing takeout orders and online orders from Denny's.com; answering the phone; working the cash register; greeting and seating customers; preparing salads; preparing deserts, ice creams and milkshakes; cutting lemons, limes, melons and strawberries; washing and stocking unsliced fruits; baking biscuits; preparing specialty drinks such as lemonades, limeades and teas; and rolling bins full of silverware.

94.     Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiffs Guarriello and Holloway and the Collective Members the full applicable minimum wage, without applying the tip credit, for time spent performing labor unrelated to their tipped occupation, would violate federal law and Defendants were aware of the FLSA minimum wage requirements during Plaintiffs Guarriello and Holloway's and the Collective Members' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

95.     Plaintiffs Guarriello and Holloway and the Collective Members are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorneys' fees, and costs.

**WHEREFORE**, Plaintiffs, Donald Guarriello and Valerie Holloway, on behalf of themselves and all other similarly situated persons, respectfully request that this Court grant relief in Plaintiffs Guarriello and Holloway's and the Collective Member's favor, and against Defendants for compensation for unpaid minimum wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## COUNT THREE: FAIR LABOR STANDARDS ACT
## EXCESSIVE REQUIRED LABOR RELATED TO TIPPED OCCUPATION

96.     Defendants failed and/or refused to comply with the FLSA, 29 U.S.C. § 201, et seq. and 29 C.F.R. § 531.56(e) by requiring Plaintiffs Guarriello and Holloway and the Collective Members in a given workweek, and during each and every workweek Plaintiffs Guarriello and Holloway and the Collective Members were employed by Defendants, to perform non-tipped labor *related* to their tipped more than "part of the time" or occasionally. Plaintiffs Guarriello and Holloway and the Collective members performed such *related* non-tipped labor for unreasonable amounts of time that were not contemporaneous to their direct customer service duties and in excess of twenty percent (20%) of their regular workweek, while paying Plaintiffs Guarriello and Holloway and the Collective Members at the tip credit rate. Examples of such non-tipped labor *related* to their tipped occupation of servers include, but are not limited to, cleaning and setting tables, toasting bread, making coffee and washing dishes or glasses. 29 C.F.R. § 531.56(e).

97.     Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiffs Guarriello and Holloway and the Collective Members the full applicable minimum wage, without applying the tip credit, for time spent performing such amounts of non-tipped labor related to their tipped occupation, would violate federal law and Defendants were aware of the FLSA minimum wage requirements during Plaintiffs Guarriello and Holloway's and the Collective Members' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

98.     Plaintiffs Guarriello and Holloway and the Collective Members are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus

an additional equal amount as liquidated damages, together with interest, reasonable attorneys' fees, and costs.

**WHEREFORE**, Plaintiffs, Donald Guarriello and Valerie Holloway, on behalf of themselves and all other similarly situated persons, respectfully request that this Court grant relief in Plaintiffs Guarriello and Holloway's and the Collective Members' favor, and against Defendants for compensation for unpaid minimum wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## COUNT FOUR: FAIR LABOR STANDARDS ACT
## TIP RETENTION

99.     Plaintiffs Guarriello and Holloway and the Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

100.    Defendants engaged in the regular policy and practice of requiring Plaintiffs Guarriello and Holloway and the Collective Members to reimburse Defendants for breakage, broken dishes, register shortages, and/or customer walkouts from Plaintiff Amos' and the Collective Members tips.

101.    Such policy and practice by Defendants resulted in Plaintiffs Guarriello and Holloway and the Collective Members not retaining all of their tips and in Plaintiffs Guarriello and Holloway's and the Collective Members' wages being paid below the applicable minimum wage, in violation of the FLSA, 29 U.S.C. § 206(a).

102.    Defendants therefore failed and/or refused to pay Plaintiffs Guarriello and Holloway and the Collective Members the full minimum wage according to the provisions of the FLSA for each and every workweek that Plaintiffs Guarriello and Holloway and the Collective

Members worked for Defendants, for the duration of their employment, in violation of 29 U.S.C. § 206(a).

103.    Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiffs Guarriello and Holloway and the Collective Members the full minimum wage over the course of their employment would violate federal law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiffs Guarriello and Holloway's and the Collective Members' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

104.    Plaintiffs Guarriello and Holloway and the Collective Members are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorneys' fees, and costs.

**WHEREFORE**, Plaintiffs, Donald Guarriello and  Valerie Holloway, on behalf of themselves and all other similarly situated persons, respectfully request that this Court grant relief in Plaintiffs Guarriello and Holloway's and the Collective Members' favor, and against Defendants for compensation for unpaid minimum wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## COUNT FIVE: FAIR LABOR STANDARDS ACT
## OFF-THE-CLOCK LABOR

105.    Defendants engaged in the regular practice of requiring Plaintiffs Guarriello and Holloway and the Collective Members to perform labor while not clocked in ("off-the-clock"). This practice most commonly occurred, though not exclusively, when Plaintiffs Guarriello and Holloway or the Collective Members were nearing 40 hours worked in any given workweek. In

other words, this practice most commonly occurred to avoid paying Plaintiffs Guarriello and Holloway and the Collective Members overtime. During such time, Defendants did not record the time that Plaintiffs Guarriello and Holloway and the Collective Members worked, and Defendants did not compensate Plaintiffs Guarriello and Holloway and the Collective Members for such time that they worked.  As such, Defendants' records of Plaintiffs' time worked, if in existence, understate the duration of time each workweek that Defendants suffered or permitted Plaintiffs Guarriello and Holloway and the Collective Members to work.

106.    By requiring Plaintiffs Guarriello and Holloway and the Collective Members to work off-the-clock, Defendants violated both the minimum wage provisions of 29 U.S.C. § 206 and the overtime provisions of 29 U.S.C. § 207.

107.    Defendants knew that – or acted with reckless disregard as to whether – requiring Plaintiffs Guarriello and Holloway and the Collective Members to work off-the-clock, would violate federal law and Defendants were aware of the FLSA minimum wage and overtime requirements during Plaintiffs Guarriello and Holloway's and the Collective Members' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

**WHEREFORE**, Plaintiffs, Donald Guarriello and Valerie Holloway, on behalf of themselves and all other similarly situated persons, respectfully request that this Court grant relief in Plaintiff Plaintiffs Guarriello and Holloway's and the Collective Members' favor, and against Defendants for compensation for unpaid minimum and overtime wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## COUNT SIX: FAIR LABOR STANDARDS ACT
## IMPROPER FLSA OVERTIME RATE

108.    Plaintiffs Guarriello and Holloway and the Collective Members were non-exempt employees entitled to the statutorily mandated overtime wages.

109.    In the instances in which Defendants did not require Plaintiffs Guarriello and Holloway and the Collective Members to work off-the-clock for hours worked over 40 hours in any given workweek, Defendants paid Plaintiffs Guarriello and Holloway and the Collective Members an improper overtime rate of one and one-half times the tip credit rate as opposed to properly paying overtime at one and one-half times the full minimum wage minus the tip credit.

110.    As a result of Defendants' willful failure to pay Plaintiffs Guarriello and Holloway and the Collective Members one and one-half times the applicable regular rate for all hours worked in excess of 40 per week, Defendants did not pay Plaintiffs Guarriello and Holloway and the Collective Members the applicable overtime rate for all hours worked for the duration of their employment, in violation of 29 U.S.C. § 207.

111.    As a result of Defendants' willful failure to compensate Plaintiffs Guarriello and Holloway and the Collective Members the applicable overtime rate for all hours worked, Defendants violated the FLSA.

112.    As such, the full applicable overtime rate is owed for all hours that Plaintiffs Guarriello and Holloway and the Collective Members worked in excess of 40 hours per week.

113.    Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiffs Guarriello and Holloway and the Collective Members the proper overtime rate would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiffs Guarriello and Holloway's and the Collective Members' employment with Defendants. As such, Defendants' conduct constitutes a willful violation of the FLSA.

**WHEREFORE**, Plaintiffs, Donald Guarriello and Valerie Holloway, on behalf of themselves and all other similarly situated persons, respectfully request that this Court grant relief in Plaintiffs Guarriello and Holloway's and the Collective Members' favor, and against Defendants for compensation for unpaid overtime wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## COUNT SEVEN: NMSA MINIMUM WAGE ACT
## TIP RETENTION

114.    Plaintiffs Guarriello and Holloway and the Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

115.    Defendants engaged in the regular policy and practice of requiring Plaintiffs Guarriello and Holloway and the Class Members to reimburse Defendants for breakage, broken dishes, register shortages, and/or customer walkouts from Plaintiff Amos' and the Class Members tips.

116.    Such policy and practice by Defendants resulted in Plaintiffs Guarriello and Holloway and the Class Members not retaining all of their tips and in Plaintiffs Guarriello and Holloway's and the Class Members' wages being paid below the applicable minimum wage, in violation of NMSA § 50-4-22.

117.    Defendants therefore failed and/or refused to pay Plaintiffs Guarriello and Holloway and the Class Members the full minimum wage according to the provisions of the FLSA for each and every workweek that Plaintiffs Guarriello and Holloway and the Class Members worked for Defendants, for the duration of their employment, in violation of 29 U.S.C. § 206(a).

118.    Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiffs Guarriello and Holloway and the Class Members the full minimum wage over the course of their employment would violate federal law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiffs Guarriello and Holloway's and the Class Members' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

119.    Plaintiffs Guarriello and Holloway and the Class Members are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorneys' fees, and costs.

**WHEREFORE**, Plaintiffs, Donald Guarriello and Valerie Holloway, on behalf of themselves and all other similarly situated persons, respectfully request that this Court grant relief in Plaintiffs Guarriello and Holloway's and the Collective Members' favor, and against Defendants for compensation for unpaid minimum wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## COUNT EIGHT: NMSA MINIMUM WAGE ACT
## OFF-CLOCK LABOR

120.    Defendants engaged in the regular practice of requiring Plaintiffs Guarriello and Holloway and the Class Members to perform labor each shift while not clocked in ("off-the-clock").  This practice most commonly occurred, though not exclusively, when Plaintiffs Guarriello and Holloway and the Class Members were nearing 40 hours worked in any given workweek.  In other words, this practice most commonly occurred to avoid paying Plaintiffs Guarriello and Holloway and the Class Members overtime.  During such time, Defendants did

not record the time that Plaintiffs Guarriello and Holloway and the Class Members worked, and

Defendants did not compensate Plaintiffs Guarriello and Holloway and the Class Members for

such time that they worked.  As such, Defendants' records of Plaintiffs Guarriello and Holloway

and the Class Members time worked, if in existence, understate the duration of time each

workweek that Defendants suffered or permitted Plaintiffs to work.  Defendants' failure to record

the time that Plaintiffs Guarriello and Holloway and the Class Members worked constitutes a

violation of NMSA § 50-4-16.

121.    By requiring Plaintiffs Guarriello and Holloway and the Class Action Members to

work off-the-clock, Defendants violated both the minimum wage and the overtime provisions of

NMSA § 50-4-22.

122.    Under the NMSA Minimum Wage Act, any employer who fails to pay its

employees minimum wages and overtime wages as required by law is liable to the employees

affected in the amount of their unpaid or underpaid minimum wages plus interest, and in an

additional amount equal to twice the unpaid or underpaid wages. NMSA § 50-4-26(C).

Defendants are liable as alleged herein and owe such damages and interest to Plaintiffs

Guarriello and Holloway and the Class Members.

123.    Defendants are further liable for Plaintiffs Guarriello and Holloway's and the

Class Members' reasonable attorney fees and costs pursuant to NMSA § 50-4-26(E).

**WHEREFORE**, Plaintiffs, Donald Guarriello and Valerie Holloway, on behalf of

themselves and all other similarly situated persons, respectfully request that this Court grant

relief in Plaintiffs Guarriello and Holloway's and the Class Members' favor, and against

Defendants for compensation for unpaid minimum and overtime wages, plus an additional equal

to two times all unpaid minimum and overtime wages, prejudgment and post-judgment interest,

reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

**COUNT NINE: NMSA MINIMUM WAGE ACT**
**IMPROPER NEW MEXICO OVERTIME RATE**

124.    NMSA § 50-4-22(D) requires an employer to pay a wage rate of one and one-half times the employee's wage rate for hours worked in excess of forty hours in one workweek. Overtime exemptions under the New Mexico Minimum Wage Act are more narrowly defined than those of the FLSA and are enumerated in NMSA § 50-4-24. None of the exemptions enumerated in NMSA § 50-4-24 apply to Plaintiffs Guarriello and Holloway or the Class Members.

125.    The NMSA prohibits employers from paying employees at one and one-half times the tip-credit rate for hours worked in excess of forty hours in any given workweek. Instead, the NMSA requires that tipped employees be paid at a rate of one and one-half times the full minimum wage, less the applicable tip-credit, for all hours worked in excess of forty hours worked in any given workweek. As such, New Mexico law requires that tipped employees be paid at a rate of one and one-half times the full minimum wage, less the applicable tip-credit, for all hours worked in excess of forty hours worked in any given workweek.

126.    In the instances in which Defendants did not require Plaintiffs Guarriello and Holloway and the Class Members to work off-the-clock for hours worked over 40 hours in any given workweek, Defendants paid Plaintiffs Guarriello and Holloway and the Class Members an improper overtime rate of one and one-half times the tip credit rate as opposed to properly paying overtime at one and one-half times the full minimum wage minus the tip credit.

127.    As a result of Defendants' failure to pay Plaintiffs Guarriello and Holloway and the Class Members one and one-half times the applicable regular rate for all hours worked in

excess of 40 per week, Defendants did not pay Plaintiffs Guarriello and Holloway and the Class Members the applicable overtime rate for all hours worked for the duration of their employment, in violation of NMSA § 50-4-22(D).

128.    Under the NMSA Minimum Wage Act, any employer who fails to pay its employees minimum wages and overtime wages as required by law is liable to the employees affected in the amount of their unpaid or underpaid minimum wages plus interest, and in an additional amount equal to twice the unpaid or underpaid wages. NMSA § 50-4-26(C). Defendants are liable as alleged herein and owe such damages and interest to Plaintiffs Guarriello and Holloway and the Class Members.

129.    Defendants are further liable for Plaintiffs Guarriello and Holloway's and the Class Members' reasonable attorney fees and costs pursuant to NMSA § 50-4-26(E).

**WHEREFORE**, Plaintiffs, Donald Guarriello and Valerie Holloway, on behalf of themselves and all other similarly situated persons, respectfully request that this Court grant relief in Plaintiffs Guarriello and Holloway's and the Class Members' favor, and against Defendants for compensation for unpaid minimum and overtime wages, plus an additional equal to two times all unpaid minimum and overtime wages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

RESPECTFULLY SUBMITTED this December 18, 2019.

THE LAW OFFICES OF SIMON & SIMON

By: /s/ *James L. Simon*
James L. Simon (OH No. 0089483)
6000 Freedom Square Dr.
Independence, OH 44131
Telephone: (216) 525-8890
Facsimile: (216) 642-5814
Email: jameslsimonlaw@yahoo.com

BENDAU & BENDAU PLLC

By: /s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II (OH No. 0089601)
Christopher J. Bendau (*pro hac vice forthcoming*)
BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, Arizona 85060
Telephone AZ: (480) 382-5176
Telephone OH: (216) 395-4226
Email: cliffordbendau@bendaulaw.com