IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DONALD GUARRIELLO and
VALERIE HOLLOWAY
on behalf of themselves and all other persons
similarly situated, known and unknown,

    Plaintiffs,

v.                   No. 1:19-cv-01184-WJ-CG

YASHNA ASNANI and JANE DOE
ASNANI, a Married Couple,
RENU VERMA and JOHN DOE VERMA,
a Married Couple, CLASSIC CAFÉ
CUISINE, LLC, a New Mexico
Limited Liability Company;
BARRERAS ENTERPRISES, Inc.,
a New Mexico Corporation;
NEW MEXICO'S BEST DINER, LLC,
a New Mexico Limited Liability Company,

    Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS YASHNA ASNANI'S AND RENU VERMA'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

    THIS MATTER comes before the Court on Defendants Yashna Asnani and Renu Verma's Motion to Dismiss for Lack of Personal Jurisdiction, filed June 30, 2020 (**Doc. 39**). Briefing on this Motion is complete and is ready for decision. Doc. 49. After due consideration, the Court hereby dismisses Defendants Jane Doe Asnani, John Doe Verma, and Renu Verma from this case, but finds that Plaintiffs have shown that Defendant Yashna Asnani is subject to personal jurisdiction. Therefore, Defendants' Motion is GRANTED IN PART and DENIED IN PART for the reasons herein stated.

1

## BACKGROUND

On December 18, 2019, Plaintiffs Donald Guarriello and Valerie Holloway filed a Class and Collective Action Complaint (the "Complaint") against Defendant Classic Café Cuisine, LLC ("CCC"), New Mexico's Best Diner, LLC ("NMB"), and Barreras Enterprises, Inc., Yashna Asnani ("Ms. Asnani") and Jane Doe Asnani, and Renu Verma ("Ms. Verma") and John Doe Verma. Plaintiffs assert various wage and hour claims under the Fair Labor Standards Act (the "FLSA") and New Mexico's Minimum Wage Act (the "NMMWA"). Doc. 1.

The Complaint alleges, in relevant part, that Ms. Asnani and Ms. Verma: own and operate a chain of Denny's restaurants, including those which employed Plaintiffs in the state of New Mexico (*Id*. ¶¶ 9, 35–36, 55); employed Plaintiffs to perform various tipped and non-tipped duties (*Id.* ¶¶ 39, 42–45); engaged in management and operational activities, including those related to employment (*Id.* ¶¶ 57–62); have maintained various policies or practices that violate the FLSA and the NMMWA (*Id.* ¶ 10–30); and form, together with the corporate Defendants, an enterprise engaged in commerce, with annual gross sales of at least $500,000 (*Id.* ¶ 33). The Complaint also alleges that Ms. Asnani and Ms. Verma's restaurants advertise in the state via a website (*Id.* ¶ 64) and have employed thousands of tipped employees (*Id.* ¶ 71).

Ms. Asnani and Ms. Verma are both California residents and neither has ever lived in New Mexico or owned real property in the state. Doc. 39, Ex. A ¶¶2, 8 & B ¶¶ 2, 7. Ms. Asnani is the managing member of all three corporate Defendants, but only CCC and NMB operate restaurants in New Mexico. Doc. 39, Ex. A ¶ 3–5. Ms. Verma is a member of CCC and NMB. Doc. 39, Ex. B ¶ 3. Ms. Asnani has traveled to New Mexico three times in last four years and was last present in the state in March of 2019. None of Ms. Asnani's visits concerned wages earned by employees

working at restaurants operated by CCC and NMB. Doc. 39, Ex. A ¶¶ 6–7. Ms. Verma was last present in the state in 2015. Doc. 39, Ex. B ¶ 6.

## DISCUSSION

### I.     Jane Doe Asnani and John Doe Verma

Plaintiffs make allegations of community property interest against Defendants Asnani and Verma and their unnamed spouses. Doc. 1 ¶¶ 42, 44. Ms. Asnani is not married. Doc. 39, Ex. A ¶ 9. Ms. Verma is married to Surin Kumar Verma. Doc. 39, Ex. B ¶ 8. Defendants state that, as of June 30, 2020, Surin Verma has not been served with the Complaint, and that he holds no interest in CCC, NMB, or Barreras Enterprises, Inc. Doc. 39 at 3 n.4.

"Courts have generally recognized the ability of a plaintiff to use unnamed defendants so long as the plaintiff provides an adequate description of some kind which is sufficient to identify the person involved so process eventually can be served." *Roper v. Grayson*, 81 F.3d 124, 126 (10th Cir. 1996). Failure to properly serve a defendant deprives the court of personal jurisdiction. *Sun Specialized Heavy Haul, LLC v. Ace Heavy Haul, LLC*, 2016 WL 11653456, at *1 (N.D. Okla. Dec. 16, 2016). Even after discovery commenced in this case, Plaintiffs have yet to properly identify the unnamed persons/spouses or serve them with the Complaint, and, as of December 15, 2020, the docket still lists Defendants FNU Asnani and FNU Verma. The Court finds no good cause for this failure and therefore dismisses the action against Jane Doe Asnani and John Doe Verma without prejudice pursuant to Fed. R. Civ. P. 4(m).

### II.    Personal Jurisdiction Over Yashna Asnani and Renu Verma

A.  <u>Defendants did not waive their personal jurisdiction defense</u>

Defendants did not file a pre-answer motion to dismiss for lack of personal jurisdiction. The Complaint's allegation of venue states venue is proper in this District, in relevant part, because

Defendants are subject to personal jurisdiction in New Mexico. Doc. 1 ¶ 32. The Answer denies this allegation. Doc. 11 ¶ 13 ("To the extent any response is required, Defendants deny such allegations contained in paragraphs 31–32."). Plaintiffs argue that Defendants waived their personal jurisdiction defense because the Answer did not assert lack of personal jurisdiction as an affirmative defense. Doc. 42 at 1–2.

Nothing in the Federal Rules of Civil Procedure requires Defendants to list lack of personal jurisdiction among their affirmative defenses. *Fabara v. GoFit*, *LLC*, 308 F.R.D. 380, 398 (D.N.M. 2015), *as amended* (Aug. 20, 2015). Rule 12(b)(2) establishes lack of personal jurisdiction as a defense to a claim for relief in any pleading and, as such, it "must be asserted in the responsive pleading if one is required." Fed.R.Civ.P. 12(b).

Fed.R.Civ.P. 12(h)(1) provides that "[a] party waives any defense listed in Rule 12(b)(2)-(5) by. . . failing to either. . . make it by motion under this rule; or include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course." Defendants complied with Rule 12 by including in their Answer a general denial of Plaintiffs' allegations of personal jurisdiction. Moreover, Fed.R.Civ.P. 8(C)(1) does not list lack of personal jurisdiction as an affirmative defense that must be affirmatively pleaded to be preserved. Plaintiffs emphasize that Defendants filed this Motion five months after the Answer, but there is no evidence that Defendants engaged in conduct indicating a submission to the jurisdiction of this Court. *See Fabara*, 308 F.R.D. at 393–94 (discussing litigation actions and time periods a court should consider when finding waiver by conduct). Accordingly, the Court finds that Defendants properly preserved their personal jurisdiction defense and may assert it in this Motion.

B.  Personal Jurisdiction

In determining whether a federal court has personal jurisdiction over a nonresident defendant, the court must determine first, "whether the applicable statute potentially confers jurisdiction by authorizing service of process on the defendant," and second, "whether the exercise of jurisdiction comports with due process." *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (quotations omitted). Where, as here, the underlying action is based on a federal statute that does not specifically provide for national service of process, the court applies state personal jurisdiction rules. *Toytrackerz LLC v. Koehler*, 2009 WL 1505705, at *3 (D. Kan. May 28, 2009).

The plaintiff bears the burden of establishing personal jurisdiction over the defendant. *AST Sports Science Inc. v. CLF Distribution Ltd.*, 514 F.3d 1054, 1056 (10th Cir. 2008). However, when a pre-trial motion to dismiss is considered by the court without an evidentiary hearing, the plaintiff "need only make a prima facie showing of personal jurisdiction to defeat the motion." *Id.* at 1057 (citing *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998)). The plaintiff can satisfy this burden by "demonstrating, via affidavits or other written materials, facts that if true would support jurisdiction over the defendant." *Id*. This showing is "light." *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995).  In determining whether this necessary showing has been made, all factual disputes are resolved in the plaintiff's favor and, if uncontroverted by the defendant's affidavits, the well-pled factual allegations in the complaint must be taken as true. *XMission, L.C. v. Fluent LLC*, 955 F.3d 833, 836 (10th Cir. 2020).

New Mexico's long-arm statute "extends the jurisdictional reach of New Mexico courts as far as constitutionally permissible." *Tercero v. Roman Catholic Diocese of Norwich, Connecticut*, 132 N.M. 312, 316 (2002); *Fireman's Fund Ins. Co. v. Thyssen Min. Const. of Canada, Ltd.*, 703 F.3d 488, 492–93 (10th Cir. 2012). The personal jurisdiction analysis, therefore, concerns only whether the exercise of personal jurisdiction offends due process. Due process requires that the

defendant "purposefully established minimum contacts within the forum State" and that the "assertion of personal jurisdiction would comport with 'fair play and substantial justice.'" *Old Republic Ins. Co. v. Cont'l Motors, Inc.*, 877 F.3d 895, 903 (10th Cir. 2017) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985)). The defendant's contacts with the forum state can result in either general or specific jurisdiction. Because Plaintiffs do not argue that Ms. Asnani and Ms. Verma are subject to general jurisdiction, *see* Doc. 42 at 2, the Court will limit its determination to whether specific jurisdiction exists in this case.

Specific jurisdiction requires that a plaintiff show that the defendant "purposefully directed [her] activities at residents of the forum, and the litigation [that] results from alleged injuries 'arise out of or relate to' those activities." *OMI Holdings*, 149 F.3d at 1090–91 (citing *Burger King Corp.*, 471 U.S. at 472). For a defendant to avail herself to personal jurisdiction, the plaintiff must establish "not only that the defendant[] foresaw (or knew) that the effects of [her] conduct would be felt in the forum state, but also that the defendant[] undertook intentional actions that were expressly aimed at that forum state." *Dudnikov v. Chalk & Vermilion Fine Arts*, 514 F.3d 1063, 1077 (10th Cir. 2008). Once purposeful direction towards a forum state is established, it is presumptively not unreasonable to require a defendant to submit to the burdens of litigation in that forum. *See Burger King Corp.*, 471 U.S. at 476 ("Where the defendant deliberately has engaged in significant activities within a State, . . . he manifestly has availed himself of the privilege of conducting business there.").

In addition to the well-pleaded allegations of the Complaint, the Court will also consider Plaintiffs' submitted portions of the NMB Employee Handbook.[1] Plaintiffs argue for a finding of

---

[1] The submitted portions of the NMB Handbook state:

purposeful direction using the "continuing relationships" and "market exploitation" frameworks considered in *Old Republic*. They assert that Ms. Asnani and Ms. Verma maintain continuing relationships with New Mexico resident-employees, who may at any time contact the Haywood, California address and accompanying phone number listed in the NMB Employee Handbook. Doc. 42 at 5. Plaintiffs further assert that because Ms. Asnani and Ms. Verma derive a significant source of income from their deliberate exploitation of the New Mexico market, they can reasonably anticipate being subject to suit in this state. *Id*. at 5–6. Plaintiffs argue broadly that, because the underlying action is based on Defendants' alleged failure to pay minimum wage and overtime to their New Mexico resident-employees in accordance with the FLSA and New Mexico state law, there is a proper "affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State." *Brieno v. Paccar, Inc.*, 2018 WL 3675234, at *5 (D.N.M. August 2, 2018) (quoting *Old Republic*, 877 F.3d at 909).

Plaintiffs have shown that Ms. Asnani and Ms. Verma are members of two New Mexico limited liability companies that conduct business in the state and generate high volumes of sales to New Mexico residents. The Answer admits that CCC and NMB gross at least $500,000 in annual sales. Doc. 11 ¶ 14. However, Plaintiffs may not demonstrate this Court's jurisdiction over Ms.

---

(a) If at any time you do not get results and still need answers or you believe you have a problem that cannot or should not he [sic] discussed with your management team, please feel free to contact us at the following phone number/address:

New Mexico's Best Diner, LLC
22320 Foothill Blvd.
Suite 300
Hayward, CA 94541

(b) No one other than the [sic] Yashna Asnani, Managing Partner of the company may alter or modify any of the policies in this Employee Handbook. Any alteration or modification of the policies in this Employee Handbook must be in writing.

Doc. 42 at 4-5 (citing Doc. 38-2). The cited-to Exhibit contains a phone number [(510) 538-0900] just below the Hayward, CA address.

Asnani and Ms. Verma based solely on their ownership and membership of the corporate Defendants or allegations that they are Plaintiffs' employers under the FLSA and the NMMWA. *See Ten Mile Indus. Park v. W. Plains Serv. Corp.*, 810 F.2d 1518, 1527 (10th Cir. 1987) ("Jurisdiction over the representatives of a corporation may not be predicated on jurisdiction over the corporation itself. . . ."); *Kennedy v. Mountainside Pizza, Inc.*, 2020 WL 4454897, at *5 (D. Colo. May 14, 2020*), report and recommendation adopted*, 2020 WL 4448771 (D. Colo. Aug. 3, 2020) (gathering cases and noting "[t]he majority of courts, including district courts in this Circuit, however, have rejected these [joint employers and single enterprise] theories of liability as a basis for personal jurisdiction."). Rather, Ms. Asnani's and Ms. Verma's contacts with New Mexico must be assessed independently. *See Calder v. Jones*, 465 U.S. 783, 790 (1984); *Ten Mile Indus. Park*, 810 F.2d at 1527. Finally, Plaintiffs must show that their FLSA and NMMWA claims arise out these independent activities. *Old Republic Ins. Co.*, 877 F.3d at 908 ("When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State.") (quoting *Bristol–Myers Squibb*, 137 S.Ct. 1773, 1781 (2017)).

While the Court finds that neither the "continuing relationships" nor the "market exploitation" framework is directly applicable to its ruling on this Motion, Plaintiffs' Response provides dispositive evidence showing that Yashna Asnani is subject to specific jurisdiction in New Mexico. The submitted portions of the NMB Employee Handbook demonstrate that Ms. Asnani played an active role in setting, or at least monitoring, NMB's employment policies and practices, which are directly at issue in this case. The NMB Handbook states that Ms. Asnani is the *only* individual who may alter or modify the policies therein. Through accepting this authority, Ms. Asnani undertook an intentional action that was expressly aimed at the NMB employees working in New Mexico. It was reasonably foreseeable that the handbook would be published in

New Mexico and that the policies it contained would affect resident-employees. Finally, personal control over NMB's employment policies, regardless of whether Ms. Asnani ever took the action of modifying the handbook, sufficiently connects Ms. Asnani's conduct to Plaintiffs' FLSA and NMMWA claims, which are based in part on allegations that Defendants implemented or maintained illegal policies. *See Donovan v. Grim Hotel Co.*, 747 F.2d 966, 974 (5th Cir. 1984) (finding personal jurisdiction in FLSA case where out-of-state defendant had substantial personal control of the terms and conditions of the Texas employee's work in Texas); *Powers v. Emcon Assocs.*, Inc., 2016 WL 1111708, at *6 (D. Colo. Mar. 22, 2016) (same).

In contrast, Plaintiffs have not shown that Ms. Verma's status as a member of CCC and NMB or the financial benefits she may have received from the companies' New Mexico operations demonstrate purposeful direction towards the state. Moreover, even if these passive activities indicated purposeful direction, Plaintiffs have not shown a sufficient connection to their alleged injuries. Consequently, Plaintiffs have not met their burden for showing that Renu Verma is subject to specific jurisdiction in New Mexico.

To determine whether the exercise of personal jurisdiction comports with fair play and substantial justice, courts must inquire whether its "exercise of personal jurisdiction over a defendant with minimum contacts is 'reasonable' in light of the circumstances surrounding the case." *OMI Holdings, Inc.*, 149 F.3d at 1091 (citing *Asahi Metal Indus. Co. v. Superior Court of California*, *Solano Cty.*, 480 U.S. 102, 113 (1987)). It is the defendant's burden to "present a compelling case demonstrating 'that the presence of some other considerations would render jurisdiction unreasonable.'" *Id.* (quoting *Burger King Corp.*, 471 U.S. at 477).

Ms. Asnani claims that traveling to New Mexico to litigate the case would impose a significant burden, her presence in the case is not necessary for Plaintiffs to receive convenient

and effective relief, and that eliminating her as a defendant would lead to a more efficient resolution. The Court finds all three of these arguments unpersuasive, largely because they are unsupported and conclusory. Ms. Asnani has not given the Court specific circumstances that would warrant a finding that it would be unduly burdensome for her to travel to New Mexico, especially when she was able to make such a trip as recently as March of 2019.[2] *See* Doc. 39, Ex. A ¶ 6. Nor does Ms. Asnani discuss how her presence in this lawsuit is unnecessary or why her absence would lead to a more effective resolution. Therefore, the Court concludes that its exercise of personal jurisdiction over her is not so unreasonable as to violate fair play and substantial justice.

## CONCLUSION

For the reasons discussed in this Memorandum Opinion and Order, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants Yashna Asnani and Renu Verma's Motion to Dismiss for Lack of Personal Jurisdiction (**Doc. 39**). The Court has personal jurisdiction over Yashna Asnani but not Renu Verma.

**IT IS THEREFORE ORDERED** that this matter is dismissed as to Defendants Jane Doe Asnani, John Doe Verma, and Renu Verma.

**IT IS SO ORDERED.**

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] The Court is well-aware that travel has become more difficult due to the ongoing COVID-19 pandemic. Many courts, including this one, are now making extensive use of video conferencing technology to alleviate the need for in-person hearings. *Cf.* Administrative Order, 20-MC-00004-34 (Sept. 26, 2020) (authorizing video conferences in guilty plea proceedings).