**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

Donald Guarriello, et al.,

           Plaintiffs,

vs.                                      CIVIL NO. 1:19-cv-01184-SCY-CG

Yashna Asnani, et al.,

           Defendants.

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR**
**CONDITIONAL CERTIFICATION OF FLSA COLLECTIVE ACTION**

      Defendants Yashna Asnani, Jane Doe Asnani, Renu Verma, John Doe Verma, Classic Café Cuisine, LLC a New Mexico Limited Liability Company ("CCC), Barreras Enterprises, Inc., a New Mexico Corporation, and New Mexico's Best Diner, LLC, a New Mexico Limited Liability Company ("NMB"), (collectively "Defendants"), by and through their counsel of record, Sutin, Thayer & Browne, A Professional Corporation (Benjamin E. Thomas, Barbara G. Stephenson, and Noe Astorga-Corral) hereby respond in opposition (the "Response") to Plaintiffs' Motion for Conditional Certification of FLSA Collective Action (the "Motion") [Doc. 54.]

**INTRODUCTION**

      This case is an ambitious class and collective action filed by Plaintiffs Donald Guarriello and Valerie Holloway. In their ambition, Plaintiffs have turned a mole hill into a mountain. What should be a simple wage action against their respective LLC employees, CCC and/or[1] NMB, Plaintiffs have turned into a class and collective action against the seven (7) Defendants. Indeed, some of these seven Defendants do not even exist.[2] And what should have been a proposed

---

[1] Plaintiff Guarriello only worked for CCC. *See Plaintiff Guarriello's Onboarding Information Document*, attached as **Exhibit A** to Defs.' Mtn. to Dismiss Pls's Compl. and Compel Arb. [Doc. 36.]
[2] Jane Doe Asnani and John Doe Asnani

1

collective class consisting of employees who worked for CCC and NMB in New Mexico, Plaintiffs have turned into a whopping proposed class consisting of employees who allegedly worked for all seven Defendants across every single state of this country. Plaintiffs' ambition is misguided and has made their positions taken in this litigation untenable, including its current Motion to which Defendants oppose for the following grounds:

## FACTUAL BACKGROUND

On December 18, 2019, Plaintiffs filed their Class and Collective Action Complaint against Defendants. (*See* Compl.) [Doc. 1.] Plaintiffs filed their Complaint not only for themselves but on behalf of "all other persons similarly situated." (Compl. at Introductory Paragraph) [Doc. 1.] Specifically, the Complaint alleges various wage claims under federal and state law, i.e. the federal Fair Labor Standards Act ("FLSA") and the New Mexico Minimum Wage Act ("NMMWA"). (*See generally,* Compl.) [Doc. 1.] By its own terms, the Complaint is limited to alleged FLSA and NMMWA violations occurring in New Mexico restaurants operated by New Mexico corporations resulting in alleged damages to New Mexican plaintiffs. (*See generally,* Compl.) [Doc. 1.]; (*see also* Compl. ¶¶ 32-37) [Doc. 1.]

Despite their New Mexico-centric Complaint, on March 18, 2020, Plaintiffs served a subpoena to Denny's, Inc. in South Carolina seeking all franchise agreements between Denny's, Inc. and Defendants. (Defs.'Mtn. to Quash, **Ex. A** at p. 15) [Doc. 23.] On April 21, 2010, this Court granted Defendants' *Motion to Quash Plaintiffs' Subpoena to Produce Documents* ("Motion to Quash") the subpoena because the subpoena request was overbroad and requested irrelevant information as it sought franchise agreements for restaurants outside New Mexico. (Clerks Minutes for Telephonic Mtn. Hr'g) [Doc. 32.]

As the Clerks Minutes explained, "the Court found the subpoena was overboard and it requested irrelevant information for franchise agreements outside New Mexico." *Id.* The Court made clear that Plaintiffs' Complaint was, by its own terms, limited to FLSA and NMMWA violations occurring in New Mexico restaurants. (*See id.*) [Doc. 32.]

Despite the Court's clear ruling at the hearing on the Motion to Quash, Plaintiffs now seek this Court's approval to send out notice to a proposed class whose scope essentially mirrors their quashed subpoena request: "Plaintiffs respectfully request that the Court permit them to send notice of this lawsuit to all servers employed at any of Defendants' Denny's restaurants at any point from December 18, 2016 to present."[3] (Pls.' Mtn. for Conditional Cert. of FLSA Collective Action ("Motion" or "Doc. 54"), at p. 21) [Doc. 54.]

To support its Motion, Plaintiffs have had the benefit of discovery and the opportunity to request the same for the eight (8) months leading up to this stage of the litigation. This opportunity for discovery is something that other FLSA collection action plaintiffs do not typically have the opportunity for at this stage. To support their Motion, Plaintiffs also attach the Declaration of Jillian Parker. (*See* Doc. 54, **Ex. C**.) [Doc. 54-3]. Parker allegedly worked for Defendant Asnani in Worcester, Massachusetts. (Doc. 54, **Ex. C**, ¶¶ 2-4) [Doc. 54-3, ¶¶ 2-4.] Massachusetts' public records, however, reveal that Ms. Asnani is not the owner or employer of any restaurant in Massachusetts, but at most a managing member of different entities, which are not defendants in

---

[3] Plaintiffs actual notice, attached as **Exhibit I** to their Motion, is much broader and defines the class as the following: "You got this Notice because Defendants identified you as a server that worked at Denny's at any point between December 18, 2016 and the present." [Doc. 54, **Ex. I**, ¶ 3.] To the extent that Plaintiffs are referring to Defendants as "Denny's", such referral is a blatant attempt by Plaintiffs' counsel to confuse the proposed class members into thinking that Defendants are Denny's, Inc. or other Denny's franchisees. Because Plaintiffs' notice is misleading—intentionally or not—any notice to any proposed class should only refer to Plaintiffs actual employers, CCC and NMB, to avoid any confusion. The proposed class should simply not refer to "Denny's" as the employer. Plaintiffs' reference to Denny's highlights Defendants' concerns that this lawsuit is merely Plaintiffs' counsel's attempt to obtain information that could support their current class action against Denny's, Inc. or other class and collective actions against other Denny's franchisees across the country.

this action. (*See* Massachusetts' Corporations Search Results Page, attached hereto as **Exhibit 1**.) Further, Plaintiffs' counsel are currently prosecuting a nationwide collective action against Denny's, Inc. for alleged FLSA violations in the Southern District of Florida (Miami). (*See Civil Docket For Case #: 1:19-cv-24706-DLG, Rafferty v. Denny's, Inc.*, attached hereto as **Exhibit 2**.) Ms. Parker is also party to that lawsuit.[4] (*See id.*) Plaintiffs' proposed notice also states that the putative class members will be represented by the same five law firms that are currently prosecuting the nationwide collective action against Denny's, Inc., which includes Plaintiffs' counsel's firms. (*Compare* Doc. 54, **Ex. I** at p. 70, ¶ 9; with **Ex. 2** at pp. 1-3.)

## ARGUMENT

Under Section 216(b) of the FLSA, employees may bring actions on behalf of other employees but only if the other employees are similarly situated to the named plaintiff employees. 29 U.S.C. § 216(b). Therefore, to conditionally certify a collective action under Section 216(B), the named plaintiffs bear the burden of showing that they and the proposed class members are similarly situated. *Landry v. Swire Oilfield Services*, L.L.C., 252 F. Supp. 3d 1079, 1114 (D.N.M. 2017). Only after the named plaintiffs meet their burden, courts in their discretion may approve notice to the proposed class. *See e.g., Briggs v. United States*, 54 Fed. Cl. 205, 207 (2002) (citing *Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 172) ("**Even if plaintiffs satisfactorily [make the] modest factual showing", the court still has "full discretion to reject plaintiffs' petition**")(emphasis added); *Bernard v. Household Intern., Inc.*, 231 F. Supp. 2d 433, 435-36 ("approval of notice is not mandatory, but rather discretionary"). "The purpose of this first step is for the court to determine whether the certification is appropriate for purposes of sending notices

---

[4] Ms. Parker's attempt to be a class member in two different suits relating to her employment at a Denny's restaurant raises serious concerns about an improper attempt at double recovery by her, and likely others.

and consent forms to potential plaintiffs." *Foster v. Nova Hardbanding, LLC*, No. 15-cv-1047, 2016 WL 4492829, at *2 (D.N.M. Apr. 20, 2016) (citation omitted)

To determine whether a FLSA collective action is appropriate, courts in the Tenth Circuit utilize a two-step ad-hoc approach. *Theissen v. Gen Elec. Capital Corp.,* 267 F.3d 1095, 1102-03 (10th Cir. 2001).[5] Under this ad-hoc approach, the first step is the "notice stage" wherein plaintiffs ask the court to exercise its discretion to approve plaintiffs' notice to send to the proposed class by demonstrating that plaintiffs and the proposed class are similarly situated. *Deakin v. Magellan Health, Inc.*, 328 F.R.D. 427, 431 (D.N.M. 2018). Under this first step, which is at issue here, plaintiffs must make a factual showing demonstrating that the named plaintiffs and "the putative class members were together the victims of a single decision, policy, or plan." *Id.*, at 432. To determine whether Plaintiffs have met this burden, courts consider the complaint's allegations supported by sworn statements. *Id.; see Calvillo v. Bull Rogers, Inc.*, 267 F.Supp.3d 1307, 1312 (court-facilitated notice requires "substantial allegations or some factual support" (internal quotations omitted)); *Landry v. Swire Oilfield Services, L.L.C.*, 252 F.Supp.3d 1079, 1114–15 (D.N.M. 2017) (to acquire court approved notice, plaintiffs must "provide some factual basis from which the court can determine if similarly situated potential plaintiffs exist" (citation and quotation marks omitted)).

Although a plaintiff's burden is typically described as "lenient or light," conditional certification is certainly not automatic as Plaintiff's burden is not non-existent. *Deakin,* 328 F.R.D. at 432. For example, plaintiffs cannot rely on speculative, conclusory, or unsupported allegations in attempting to demonstrate that they and the proposed class members are similar situated. *See*

---

[5] Although *Thiessen* involved a collective action brought under the Age Discrimination in Employment Act ("ADEA"), the Tenth Circuit explicitly noted that the ADEA adopts the class action opt-in mechanism set out in § 216(b) of the FLSA. *Id.* at 1102.

*Lentz v. Spanky's Rest. II, Inc.*, 491 F. Supp. 2d 663, 669 (N.D. Tex. 2007) (Plaintiff's conclusory allegations in his affidavit was insufficient to meet his burden under Section 216(b)); *Severtson v. Phillips Beverage Co.*, 137 F.R.D. 264, 266 (D. Minn. 1991) (conclusory allegations in complaint insufficient); *Munoz v. Big Valley, Inc.*, 915 F. Supp. 2d 46 (D.D.C. 2013) (same); *Harrison v. McDonald's Corp.*, 411 F. Supp. 2d 862, 871 (S.D. Ohio 2005) (holding that "Plaintiff has offered nothing but speculation in support of her belief that other McDonald's employees were not paid all the money to which they were entitled"); *Flores v. Lifeway Foods, Inc.*, 289 F. Supp. 2d 1042, 1046 (N.D. Ill. 2003) (holding that unsupported allegations do not satisfy "modest factual showing" standard).

Plaintiffs also cannot merely claim that a single policy applied to all defendant's employees. *See Bamgbose v. Delta-T Group, Inc.*, 684 F. Supp. 2d 660, 669 (E.D. Pa. Feb. 8, 2010). Instead, plaintiffs must also demonstrate that such single policy was applied in a manner that violated the FLSA and injured the proposed class similarly. *See White v. Denton Cty.*, 2014 U.S. Dist. Lexis 43881, at *29 (E.D. Tex. Feb. 28, 2014) (denying conditional certification where plaintiff offered no evidence that a common policy resulted in FLSA violations as to putative collective members); *Bennett v. Hayes Robertson Group, Inc.*, 880 F. Supp. 2d 1270, 1285 (S.D. Fla. 2012) ("Plaintiffs have failed to provide evidence of a unified policy or scheme employed by Defendants *that violates FLSA*." (emphasis added)); *Ray v. Motel 6 Operating, Ltd. P'ship*, 1996 WL 938231, at *4 (D. Minn. March 18, 1996) (denying motion where "[t]he evidence does not indicate that all the Plaintiffs sustained injury from one *unlawful* policy." (emphasis added)).

The rationale for the fairly lenient standard is that in the early stages of litigation, the plaintiffs have not had time to conduct discovery and marshal their best evidence. *See Davis v. Charoen Pokphand (USA), Inc.*, 303 F.Supp.2d 1272, 1277 (M.D.Ala., 2004). Consequently, and notably,

many courts apply a stricter standard where, as is the case here, plaintiffs had the opportunity to conduct discovery before moving for conditional certification. *See e.g., Davis*, 303 F. Supp. 2d at 1276 (applying a more rigorous standard); *White v. Osmose, Inc.*, 204 F. Supp. 2d 1309, 1313 n.2 (M.D. Ala. 2002) (requiring careful consideration of the submissions of the parties); *Morisky v. Pub. Serv. Elec. & Gas Co.*, 111 F. Supp. 2d 493, 497-98 (D.N.J. 2000) (applying a stricter standard); *Holt v. Rite Aid Corp.*, 333 F. Supp. 2d 1265, 1274 (M.D. Ala. 2004) (finding it appropriate to carefully consider the submissions of the parties with respect to the collective action allegations where the parties have conducted extensive discovery). Because Plaintiffs had eight months to conduct discovery related to conditional certification, (*See* Compl.) (filed December 2020) [Doc. 1]; (*See* Scheduling Order) ("the termination date for discovery related to conditional and class certification is August 14, 2020") [Doc. 18], this Court should exercise its discretion and apply a stricter standard in considering their Motion.

Here, Plaintiffs have failed to meet their burden demonstrating that Plaintiffs and the proposed class members are similarly situated despite having the opportunity to conduct discovery on this issue for eight months. First, Plaintiffs' proposed class is overbroad because it includes employees who worked at Denny's restaurants outside of New Mexico. As this Court has already ruled, however, Plaintiffs' Complaint is limited to FLSA violations occurring in New Mexico. Second, even if Plaintiffs' proposed class were limited to New Mexico employees, Plaintiffs have still failed to demonstrate and sufficiently allege (1) that there are any potential plaintiffs that would be interested in joining Plaintiffs' lawsuit and (2) that there are any potential plaintiffs that are similarly situated to Plaintiffs.

## I.   The Plaintiffs and putative class members are not similarly situated because Plaintiffs' proposed class is overbroad as it includes non-New Mexico employees.

### A.  Plaintiffs' Complaint is limited to New Mexico Denny's restaurants.

Here, Plaintiffs' proposed class is overbroad because it seeks to provide notice to putative class members who worked at Denny's restaurants outside New Mexico. (*See* Doc. 54., at p. 21.) By its own terms, however, Plaintiffs' Complaint is limited to allegations of conduct occurring in New Mexico that were directed against New Mexico Plaintiffs, by New Mexico corporations, and in New Mexico restaurants. (*See generally* Compl.) [Doc. 1.]; (*See also* Compl., ¶¶ 32, 34-37). For example, the Complaint alleges that the "acts giving rise to the claims of Plaintiffs Guarriello and Holloway, *the Collective Members, and the Class Members* occurred within the District of New Mexico." (Compl. ¶ 32) [Doc. 1]. In contrast, the Complaint contains no allegations regarding restaurants outside New Mexico or any conduct occurring outside New Mexico. (*See generally* Compl.) [Doc. 1.] Plaintiffs' New Mexico centric Complaint is highlighted by its state law claims under the NMMWA. (*See* Compl., Counts 7-9) [Doc. 1.] Indeed, this Court previously quashed Plaintiffs' subpoena to Denny's, Inc. because the Court found that Plaintiffs' subpoena was overbroad and sough irrelevant information as it sought franchise agreements between Defendants and Denny's, Inc. for Denny's restaurants outside New Mexico. (Clerks Minutes for Telephonic Mtn. Hr'g) [Doc. 32.] As the Clerks Minutes described, "the Court found the subpoena was overboard and it requested irrelevant information for franchise agreements outside New Mexico." (*Id.*)

As stated in the hearing on the Motion to Quash, the Court based its decision on its finding that Plaintiffs' Complaint was limited to New Mexico restaurants and concerned only allegations of conduct occurring in New Mexico. (*See id.*) Thus, because the Court found that Plaintiffs' Complaint focused on New Mexico restaurants, the Court ruled that Plaintiffs' subpoena request was improper as overbroad and irrelevant to Plaintiffs' Complaint. (*See id*.)

For the same reason that Plaintiffs could not obtain franchise agreements for Denny's restaurants nationwide, Plaintiffs cannot obtain conditional certification to send notice to putative collective members nationwide. Plaintiffs' Complaint concerns only New Mexico. (*See generally*, Compl.) [Doc. 1.] Accordingly, this Court should exercise its discretion to deny Plaintiffs from sending notice to putative collective members that have no bearing to their Complaint, i.e. employees who worked at Denny's restaurants outside New Mexico.   This flaw in Plaintiffs Motion is reason enough to deny conditional certification.

### B. The doctrine of law of the case precludes Plaintiffs from denying that their Complaint is limited to FLSA violations occurring in New Mexico Denny's restaurants.

Plaintiffs are precluded from relitigating the issue of whether their Complaint is limited to FLSA violations occurring in New Mexico under the doctrine of law of the case. The law of the case doctrine "applies to issues previously decided, either explicitly or by necessary implication." *Poppa v. Astrue*, 569 F.3d 1167, 1170 (10th Cir. 2009) (internal citations and quotations omitted). Under the law of the case doctrine, "once a court decides an issue, the same issue may not be relitigated in subsequent proceedings in the same case." *Ute Indian Tribe of the Uintah & Ouray Reservation v. Utah*, 114 F.3d 1513, 1520 (10th Cir. 1997). "The doctrine is based on sound public policy that litigation should come to an end and is designed to bring about a quick resolution of disputes by preventing continued re-argument of issues already decided" and to discourage forum-shopping by litigants. *McIlravy v. Kerr–McGee Coal Corp.,* 204 F.3d 1031, 1035 (10th Cir.2000) (quotation omitted). "[F]actual findings, like legal determinations, can establish the law of the case." *F.D.I.C. v. Schuchmann*, 224 F. Supp. 2d 1332, 1340 (D.N.M. 2002). Here, this Court has already necessarily decided that Plaintiffs' Complaint is limited to New Mexico restaurants. (Clerks Minutes for Telephonic Mtn. Hr'g) [Doc. 32.] Plaintiffs' subpoena was quashed specifically because it sought franchise agreements outside New Mexico and was

therefore overbroad and irrelevant since the allegations of Plaintiffs' Complaint were explicitly and implicitly limited to conduct occurring in New Mexico. (*Id.*) (Compl. ¶ 32) [Doc. 1]; (*See generally* Compl.). Again, "the Court found the subpoena was overboard and it requested irrelevant information for franchise agreements outside New Mexico." (Clerks Minutes for Telephonic Mtn. Hr'g) [Doc. 32.]  Plaintiffs, therefore, should be prevented from re-litigating that same issue in this subsequent proceeding regarding conditional certification. Accordingly, Plaintiffs are not similarly situated to employees who worked at Denny's restaurants outside New Mexico as their Complaint focuses on conduct occurring in New Mexico restaurants.

**C. Even if the Complaint was not limited to New Mexico and Plaintiffs were not precluded from arguing the same, Plaintiffs are not similarly situated to Jillian Parker and other non-New Mexico Denny's employees.**

Here, Jillian Parker is the only other server who has expressed an interest in joining Plaintiffs' lawsuit. (*See* Doc. 54, **Ex. C**.) [Doc. 54-3]. In addition, Parker's declaration is the only evidence that anyone besides Plaintiffs is interested in Plaintiff's lawsuit against Defendants. Parker allegedly worked at a Denny's restaurant in Worcester, Massachusetts. (Doc. 54, **Ex. C**, ¶¶ 2-4) [Doc. 54-3, ¶¶ 2-4.]

Parker's declaration[6] only highlights how Plaintiffs and the putative class members are not similarly situated. First, the Complaint's allegations concern conduct allegedly occurring in New Mexico, against New Mexico Plaintiffs, by New Mexico corporations, and in New Mexico restaurants. (Compl., ¶¶ 32, 34-37)  However, the only other individual who has expressed a desire to join Plaintiffs' lawsuit worked at a Denny's restaurant in Worcester, Massachusetts, which is

---

[6] Plaintiffs' Declarations are irrelevant for purposes of determining whether they are similarly situated to non-New Mexico employees. First, Plaintiffs cannot competently testify or declare that they observed non-New Mexico employees being subject to the same policies and working conditions as Plaintiffs. Second, Plaintiffs do not allege that they have ever spoken or met with anyone outside New Mexico who worked at a non-New Mexico Denny's restaurant and who were subject to the same alleged FLSA violations. (*See generally* Doc. 54, **Exs. A-B.**) [Doc. 54-1] [Doc. 54-2.]

approximately over 2,000 miles away from New Mexico. (Doc. 54, **Ex. C**, ¶¶ 2-4) [Doc. 54-3, ¶¶ 2-4.] Being a server in Massachusetts is also likely vastly different from being a server in New Mexico. Massachusetts is not only located in a totally different geographic part of the country with a different population size, local minimum wage differences, and distinct economy but also has different labor laws than New Mexico. Thus, this Court should take judicial notice of the fact that a server working at a Denny's in Massachusetts in the East Coast likely experiences different and individualized working conditions than servers working in New Mexico in the Southwest due to the difference in population, geographic region, economy, local laws, and even culture.

Moreover, in her declaration, Parker only alleges to have worked for Ms. Asnani. (Doc. 54, **Ex. C**, ¶¶ 4-5) [Doc. 54-3, ¶¶ 4-5.] Even assuming that Ms. Asnani "employed" Plaintiffs (which Defendants deny, and is shown to be false – Plaintiffs specifically worked for NMB and/or CCC[7]), Plaintiffs allege that they were also employed by the six other Defendants as a single enterprise or joint employers. (Compl. ¶ 7,8, 33-56).  In contrast, Ms. Parker does not allege to have worked for Renu Verma, John Doe Verma, Jane Doe Asnani, Barreras Enterprises, Inc., and—more importantly—CCC and NMB. (*See generally* Doc. 54, **Ex. C**.) [Doc. 54-3.] In addition, during her time allegedly working at a Denny's restaurant in Massachusetts, that restaurant allegedly went through a change in ownership and presumably a change in employers from Ms. Asani to Denny's, Inc. (Doc. 54, **Ex. C**, ¶¶ 5-6) [Doc. 54-3, ¶¶ 5-6.] This change of ownership further demonstrates that Parker had a unique work experience in Massachusetts as compared to Plaintiffs in New Mexico because not only was Parker not employed by all the Defendants as Plaintiffs allege that they were but she also was employed by another entity that is not a party to Plaintiffs' lawsuit:

---

[7] *See Plaintiff Guarriello's Onboarding Information Document*, attached as **Exhibit A** to Defs.' Mtn. to Dismiss Pls.' Compl. and Compel Arb. [Doc. 36.] and *Plaintiff Holloway's Onboarding Information Document*, attached as **Exhibit B** to Defs.' Mtn. to Dismiss Pls.' Compl. and Compel Arb. [Doc. 36.]

Denny's, Inc. Thus, based on the Plaintiffs and Parker's (albeit conclusory) allegations, Parker and Plaintiffs had different employers.[8] *See Bustillos v. Bd. of Cty. Comm'rs of Hidalgo Cty.*, 310 F.R.D. 631, 664 (D.N.M. 2015) (among the factors that courts consider during this notice stage includes whether potential class members have the same employer).

The difference in employers is even more significant when considering Plaintiffs' single enterprise or joint employer theory of liability. (*See* Compl. ¶ 7,8, 33-56). Since, Parker was not employed by the six other Defendants besides Ms. Asnani, Plaintiffs' claims would involve a theory of FLSA liability that is unique to their alleged employment relationship with Defendants that would not be present in Parker's claims. And even more notably, Parker does not allege to have worked for CCC and NMB[9]—the entities whose policies are at issue in this lawsuit and whose policies Plaintiffs rely entirely on to support their request for conditional certification. (*See generally* Doc. 54.) Finally, as mentioned above, Massachusetts' public records reveal that Ms. Asnani is not the owner or employer of any restaurant in Massachusetts, but at most a managing member of different entities, which are not defendants in this action. (*See* Massachusetts' Corporations Search Results Page, attached hereto as **Exhibit 1**.)  The fact that the only interested party Plaintiffs could find lives over 2,000 miles away and never worked for any of the Defendant restaurants is clear evidence that the putative collective does not even exist, and the motion should be denied.

Even more notably, because Parker and other non-New Mexico employees did not and could not work for CCC and NMB, CCC and NMB's handbooks and the policies therein are not

---

[8] "In cases involving employees at multiple business locations, courts consider whether the plaintiffs have made an adequate factual showing to support an inference that the locations share common ownership or management." *Pettenato v. Beacon Health Options, Inc.*, 425 F. Supp. 3d 264, 281 (S.D.N.Y. 2019) (internal citations and quotations omitted.)

[9] Nor could she, as CCC and NMB are New Mexico corporations.

applicable to Parker or other non-New Mexico employees. Thus, Plaintiffs and non-New Mexico employees are not and could not together be the victims of a single decision, policy, or plan. *See See Bustillos*, 310 F.R.D. at 664 (among the factors that courts consider during this notice stage includes whether potential class members were subject to the same employer practices); *England v. New Century Fin. Corp.*, 370 F. Supp. 2d 504, 511 (M.D. La. 2005) (denying conditional certification because there was "no evidence of a national policy that would support a collective action"). Plaintiffs, therefore, have failed to make a colorable claim showing that Parker and non-New Mexico employees were subject to the same company policies as Plaintiffs as they worked for different companies.

Finally, Parker and other non-New Mexico employees would be subject to different legal defenses. For example, CCC and NMB's handbooks contained an employment application with an arbitration provision. (*See* Defs.' Mtn. to Dismiss Pls.' Compl. and Compel Arb., **Exs. A-B, C-D**). Since Ms. Parker and other non-New Mexico employees did not work for CCC and NMB, those putative collective members may or may not have been subject to a similar arbitration provision. Second, because Ms. Parker allegedly worked for Ms. Asnani from 2016 to 2018, (Doc. 54, **Ex. C**, ¶ 3) [Doc. 54-3, ¶ 3], and opted into the proposed collective in 2020, a statute of limitations defense would apply only to Ms. Parker and other non-New Mexico employees who would necessarily opt-in in 2020 or even 2021 for allegations stemming from 2016. Third, this Court likely would not have personal jurisdiction over any non-New Mexico entity that operated or operates a Denny's restaurant and employs putative collective members outside New Mexico. Thus, despite Plaintiffs' lenient burden, Plaintiffs and putative collective members are not similarly situated. Far from demonstrating that Plaintiffs and putative collective member are similarly situated, the Complaint's allegations and Parker's declaration actually highlight the

13

individualized nature and uniqueness of Plaintiffs' claims. Plaintiffs have simply not provided sufficient evidence or allegations demonstrating that Plaintiffs and non-New Mexico Denny's employees are similarly situated. Accordingly, a collective action is not appropriate for this case, and this Court should deny Plaintiffs' Motion.

That is, there is no unity of employment or ownership amongst the Defendants.  Plaintiffs (improperly) allege to have worked for all named Defendants.  Ms. Parker only alleges to have worked for Ms. Asnani, who does not even operate a restaurant in Massachusetts. (*See* **Ex. 1**) The proposed collective clearly is not similarly situated to the named Plaintiffs as they do not even claim to work for the same employers.

## II.    Even if Plaintiffs' proposed collective was limited[10] to employees who worked for CCC and NMB in New Mexico, they failed to provide sufficient allegations and evidence demonstrating that they are similarly situated to that more limited collective.

### A. Plaintiffs have not demonstrated that there exist other potential New Mexico plaintiffs that desire to opt-in.

Before they can conditionally certify a proposed class, many courts require that Plaintiffs present some evidence that potential plaintiffs exist that would desire to opt-in to the named plaintiffs' lawsuit. *See e.g., Brooks v. BellSouth Telecommunications, Inc.*, 164 F.R.D. 561, 567 (N.D. Ala. 1995), *aff'd sub nom. Brooks v. Bellsouth*, 114 F.3d 1202 (11th Cir. 1997) ("In order to be entitled to conditional class certification plaintiff has to submit evidence establishing at least a colorable basis for his claim that a class of similarly situated plaintiffs exist."); *Lentz v. Spanky's Rest. II, Inc.*, 491 F. Supp. 2d 663, 669 (N.D. Tex. 2007) ("The court must satisfy itself that other "similarly situated" individuals justify notice because they desire to opt-in and are "similarly situated."); *Parker v. Rowland Express, Inc.*, 492 F. Supp. 2d 1159, 1164–65 (D. Minn. 2007)

---

[10] Should Plaintiffs narrow their overbroad class, Defendants may seek leave to file a surrreply.

(same); *Camper v. Home Quality Mgmt. Inc.*, 200 F.R.D. 516, 519 (D. Md. 2000) (same). This requirement prevents courts from "stirring-up litigation through unwarranted solicitation." *Severtson,* 137 F.R.D. at 267 (noting that courts "have a responsibility to avoid the 'stirring up' of litigation through unwarranted solicitation"). Thus, these courts require plaintiffs to demonstrate that at least more than one potential class member seeks to join the named plaintiffs' lawsuit. *See Simmons v. T-Mobile USA, Inc.,* 2007 WL 210008 *9 (S.D.Tex. Jan.24, 2007) (discussing and citing authority for the requirement that there should be a showing "that at least a *few* similarly situated individuals seek to join the lawsuit") (emphasis added to distinguish a few from one); *H & R Block,* 186 F.R.D. at 400 (finding no notice where plaintiff failed to identify potential plaintiffs); *Harper v. Lovett's Buffet, Inc.,* 185 F.R.D. 358, 361-62 (M.D.Ala.1999) (showing of other plaintiffs who desire to opt-in is required). To show that other similarly situated plaintiffs who desire to opt-in exists, Plaintiffs cannot rely on speculations as to the existence of these potential plaintiffs. *See Parker v. Rowland Express, Inc.*, 492 F. Supp. 2d 1159, 1165 (D. Minn. 2007) (plaintiffs' averments in affidavits that other potential plaintiffs "may" exist is insufficient to establish existence of potential plaintiffs). Although district courts in the Tenth Circuit have been reluctant to apply this requirement when exercising their discretion, this Court should consider Plaintiffs' lack of allegations that interested potential New Mexico Plaintiffs exist because (1) Plaintiffs had the opportunity to  conduct discovery; (2) the Court should avoid inviting unnecessary litigation; and (3)  "an FLSA plaintiff is not entitled to conditional certification simply to seek out others who might wish to join the action," *e.g., Mackenzie v. Kindred Hosps. East, L.L.C.,* 276 F.Supp.2d 1211, 1220 (M.D.Fla.2003)

Here, Plaintiffs have provided no evidence nor made substantial allegations demonstrating that there exist other potential New Mexico plaintiffs that desire to opt-in to Plaintiffs' lawsuit. (*See generally* Doc. 54, **Exs. A-B**.) [Docs. 54-1, 54-2.]  Plaintiffs do not declare, or otherwise allege, that any other employee who worked in New Mexico for any of the Defendants are interested in opting-in. (*See generally* Doc. 54, **Exs. A-B**.) [Docs. 54-1, 54-2.] Despite allegedly working at various New Mexico locations for several years and residing in New Mexico, (Comp. ¶) [Doc. 1], Plaintiffs have not alleged that any other person who worked for any of the Defendants in New Mexico want to join their lawsuit. (*See generally* Doc. 54, **Exs. A-B**.) [Docs. 54-1, 54-2.]; *See Parker*, 492 F. Supp. 2d at 1166–67 (finding it reasonable to require plaintiffs to show that other interested potential plaintiffs exist where plaintiffs worked for defendant for five years and, therefore, likely knew the identify of several other co-workers). Plaintiffs' declarations pertaining to other New Mexico servers are merely speculative, conclusory, and self-serving allegations that other servers go through the same working conditions and are subject to the same policies as Plaintiffs. (*See generally* Doc. 54, **Exs. A-B**.) [Docs. 54-1, 54-2.]  However, Plaintiffs have not alleged that other New Mexico employees desire to join their proposed collective action. (*See generally* Doc. 54, **Exs. A-B**.) [Docs. 54-1, 54-2.]

Indeed, Parker, who is a Massachusetts employee, is the only person besides Plaintiffs that appears interested in Plaintiffs' proposed collective action. Plaintiffs, therefore, have not demonstrated that potential New Mexico plaintiffs exist and desire to join this lawsuit. That is Plaintiffs have failed to show that Plaintiffs who worked from the same companies and were subject to the same policies have any desire or interest in joining Plaintiffs' lawsuit. This failure is made worse by the fact that Plaintiffs had eight months to conduct discovery on this very same issue.

**B. Instead of showing that Plaintiffs and putative class members are similarly situated, Plaintiffs' declarations demonstrate the individualized nature of their claims and work experiences.**

Far from showing that Plaintiffs and putative class members in New Mexico are similarly situated, Plaintiffs' Motion and their declarations actually reveal the individualized nature of Plaintiffs' claims and work experiences. To meet their burden of demonstrating that they are similarly situated to potential opt-in Plaintiffs, Plaintiffs rely merely on the fact that CCC and NMB's handbook policies apply to all of CCC and NMB's employees. (*See generally* Doc. 54.) However, Plaintiffs do not allege that these handbooks facially violate the FLSA. (*See generally id.*) To sustain their FLSA claims, therefore, Plaintiffs must allege that these policies were applied illegally and were applied illegally to the proposed class members. *See Bennett v. Hayes Robertson Group, Inc.*, 880 F. Supp. 2d 1270, 1285 (S.D. Fla. 2012) ("Plaintiffs have failed to provide evidence of a unified policy or scheme employed by Defendants *that violates FLSA*." (emphasis added)). Thus, to meet their burden, Plaintiffs were required to substantially allege or provide evidence showing that Defendants allegedly uniform policies were applied in a manner that violated Plaintiffs and the proposed class members' FLSA rights. Plaintiffs, however, have failed to do that. (*See generally* Doc. 54.)

Specifically, Plaintiffs' allegations concerning how they and other servers are similarly situated are either conclusory, speculative, or actually demonstrate the individualized nature of Plaintiffs' specific disputes. (*See generally* Doc. 54.) And the few specific allegations in Plaintiffs' declarations actually reveal the individualized nature of Plaintiffs claims. First, both Plaintiffs allege that the amount of time spent performing non-tipped side work depended on the particular side-work assignment, which in turn depended on the particular section, the particular shift that they worked, and the amount of customers present at that particular time. (Doc. 54, **Ex A**, ¶¶ 11, 14) [Doc. 54-1, ¶¶ 11, 14.]; (Doc. 54, **Ex B**, ¶¶ 11, 14) [Doc. 54-2, ¶¶ 11, 14.]  Plaintiffs each

17

worked different shifts. (Doc. 54, **Ex A**, ¶ 12) [Doc. 54-1, ¶ 12]; (Doc. 54, **Ex B**, ¶ 12) [Doc. 54-2, ¶ 12.]  In other words, Plaintiffs admit that they had different duties and these duties impacted whether they performed side-work and the amount of time they spent performing the same. *See Pfohl v. Farmers Ins. Group*, 2004 WL 554834, at *9 (C.D. Cal. Mar 1, 2004)(differing job duties and the individualized inquiries precluded collective action); *Freeman v. Wal-Mart Stores, Inc.*, 256 F. Supp. 2d 941, 944-46 (W.D. Ark. 2003)(denying request for notice where there were material differences in duties and responsibilities).   Not surprisingly, the amount of side-work that Plaintiffs allege to have performed differs between the two of them. *Compare* (Doc. 54, **Ex A**, ¶ 14) [Doc. 54-1, ¶ 12], *with* (Doc. 54, **Ex B**, ¶ 14) [Doc. 54-2, ¶ 14.]

Second, both Plaintiffs allege that they were required to reimburse Defendants from their tips for customer walk-outs, cash-register shortages, and customers being under charged. (Doc. 54, **Ex A**, ¶¶ 26-27) [Doc. 54-1, ¶¶ 26-27]; (Doc. 54, **Ex B**, ¶¶ 26-27) [Doc. 54-2, ¶¶ 26-27.] Plaintiffs provide specific examples of instances where they were required to reimburse Defendants for these occasions. These examples, however, show that reimbursement depended on (1) whether or not a particular manager decided to withhold their tips and (2) whether or not customers actually walked-out or were undercharged. *See* (Doc. 54, **Ex A**, ¶¶ 26-27) [Doc. 54-1, ¶¶ 26-27]; (Doc. 54, **Ex B**, ¶¶ 26-27) [Doc. 54-2, ¶¶ 26-27.] The individualized nature of these allegations is highlighted by the alleged amounts that Plaintiffs' managers required Plaintiffs to reimburse. Plaintiff Guarriello reimbursed $ 70.00 while Plaintiff Holloway reimbursed a total $75.00, *see* Doc. 54, **Ex B**, ¶¶ 26-27) [Doc. 54-2, ¶¶ 26-27.] *See Sheffield v. Orius Corp.*, 211 F.R.D. 411, 412-14 (D. Or. 2002) (denying notice where each claim would require extensive consideration of individualized issues of liability and damages.) Indeed, Plaintiffs did not even work at the same restaurant locations and for the same two entities. While both Plaintiffs worked at the Coors

location for CCC in Albuquerque, only Plaintiff Guarriello worked at the Cerrillos location for

CCC in Santa Fe, and only Plaintiff Holloway worked at the Towne Center location for *NMB* in

Albuquerque. *See Plaintiff Guarriello's Onboarding Information Document*, attached as **Exhibit**

**A** to Defs.' Mtn. to Dismiss Pls.' Compl. and Compel Arb. [Doc. 36.] and *Plaintiff Holloway's*

*Onboarding Information Document*, attached as **Exhibit B** to Defs.' Mtn. to Dismiss Pls.' Compl.

and Compel Arb. [Doc. 36.] Plaintiffs, therefore, worked for different locations and different

companies. This difference further shows the individualized nature of Plaintiffs' work experiences.

Thus, Plaintiffs and putative New Mexico collective members are not similarly situated.

Accordingly, this Court should deny conditional certification for this reason as well.[11]

### CONCLUSION

For the foregoing reasons, this Court should enter an order denying Plaintiffs' Motion for

Conditional Certification of FLSA Collective Action and deny Plaintiffs from sending their

proposed notice to putative class members.

SUTIN, THAYER & BROWNE
A Professional Corporation

By  */s/ Benjamin E. Thomas*
          Benjamin E. Thomas
          Barbara G. Stephenson
          Noe Astorga-Corral
P.O. Box 1945
Albuquerque, NM 87103-1945
Telephone: (505) 883-2500
Email: bet@sutinfirm.com
          bgs@sutinfirm.com
          nxa@sutinfirm.com
*Attorneys for Defendants*

---

[11] Should this Court be inclined to grant conditional certification, Defendants oppose posting the notice within CCC and NMB's premises because it unnecessary as Plaintiffs can send the notice online and via mail.

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 8th day of January, 2021, the foregoing was filed electronically pursuant to the CM/ECF procedures for the District of New Mexico, which caused counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

SUTIN, THAYER & BROWNE
A Professional Corporation


By   */s/ Benjamin E. Thomas*
      Benjamin E. Thomas

# Corporations Division

## Business Entity results

**Number of records: 4**

Print results

| Name | Position | Individual's Address | Entity Name | ID No. | Old ID No. |
|------|----------|----------------------|-------------|--------|------------|
| ASNANI , YASHNA | MANAGER | | **DINING IN DANVERS, LLC** | 001083485 | |
| ASNANI , YASHNA | REAL PROPERTY | | **DINING IN DANVERS, LLC** | 001083485 | |
| ASNANI , YASHNA | MANAGER | | **EAST COAST DINERS, LLC** | 453974835 | 001066228 |
| ASNANI , YASHNA | TREASURER | 24307 SOUTHLAND DR., HAYWARD, CA 94545 USA | **ROYAL CROWN BANCORP.** | 943338516 | 000737130 |

New Search

EXHIBIT 1

Query   Reports   Utilities   Help   Log Out

CMM,MEDIATION,REF_DISCOV

## U.S. District Court
## Southern District of Florida (Miami)
## CIVIL DOCKET FOR CASE #: 1:19-cv-24706-DLG

Rafferty v. Denny's, Inc.                          Date Filed: 11/13/2019
Assigned to: Senior Judge Donald L. Graham         Jury Demand: Plaintiff
Referred to: Magistrate Judge Chris M. McAliley    Nature of Suit: 710 Labor: Fair Standards
Cause: 29:0201 Fair Labor Standards Act            Jurisdiction: Federal Question

### Plaintiff

**Lindsay Rafferty**                    represented by   **Clifford P. Bendau , II**
*on behalf of herself and all other persons*            Bendau & Bendau, PLLC
*similarly situated, known and unknown*                 P.O. Box 97066
                                                        Phoenix, AZ 85060
                                                        (480) 382-5176
                                                        Email: cliffordbendau@bendaulaw.com
                                                        *PRO HAC VICE*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Edward W. Ciolko**
                                                        Carlson Lynch, LLP
                                                        1133 Penn Ave, 5th Floor
                                                        Pittsburgh, PA 15222
                                                        412-322-9243
                                                        Email: eciolko@carlsonlynch.com
                                                        *PRO HAC VICE*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Gerald D. Wells , III**
                                                        Connolly, Wells & Gray, LLP
                                                        101 Lindenwood Drive, Suite 225
                                                        Malvern, PA 19355
                                                        (610) 822-3700
                                                        Email: gwells@cwglaw.com
                                                        *PRO HAC VICE*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **James P. McGraw , III**
                                                        Carlson Lynch, LLP
                                                        1133 Penn Avenue, 5th Floor
                                                        Pittsburgh, PA 15222
                                                        (412) 322-9243
                                                        Email: jmcgraw@carlsonlynch.com
                                                        *PRO HAC VICE*

EXHIBIT 2

*ATTORNEY TO BE NOTICED*

**James L. Simon**
Simon & Simon
6000 Freedom Square
Freedom Square II Suite 165
Independence, OH 44131
216-525-8890
Email: jameslsimonlaw@yahoo.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Matthew D. Brady**
Carlson Lynch, LLP
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
(412) 322- 9243
Email: mbrady@carlsonlynch.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**John Richard Byrne**
Leon Cosgrove
255 Alhambra Circle, Suite 800
Coral Gables, FL 33134
3057401975
Fax: 3054378158
Email: jbyrne@leoncosgrove.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Chris Lanpher**              represented by  **John Richard Byrne**
                                    (See above for address)
                                    *LEAD ATTORNEY*
                                    *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Jillian Parker**             represented by  **John Richard Byrne**
                                    (See above for address)
                                    *LEAD ATTORNEY*
                                    *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Patricia Puanani**          represented by  **John Richard Byrne**
                                    (See above for address)
                                    *LEAD ATTORNEY*
                                    *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Chelsea Furman**                        represented by   **John Richard Byrne**
                                                           (See above for address)
                                                           *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Elizabeth Newton**                      represented by   **John Richard Byrne**
                                                           (See above for address)
                                                           *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Matthew Lowe**                          represented by   **John Richard Byrne**
                                                           (See above for address)
                                                           *ATTORNEY TO BE NOTICED*


V.

**Defendant**

**Denny's, Inc.**                         represented by   **Luis Santos**
*a Florida corporation*                                   FordHarrison LLP
                                                          101 E. Kennedy Boulevard, Suite 900
                                                          Tampa, FL 33602
                                                          813-261-7800
                                                          Fax: 813-261-7899
                                                          Email: lsantos@fordharrison.com
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Todd Sidney Aidman**
                                                          Ford & Harrison
                                                          101 E Kennedy Boulevard
                                                          Suite 900
                                                          Tampa, FL 33602
                                                          813-261-7840
                                                          Fax: 261-7899
                                                          Email: taidman@fordharrison.com
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Darren W. Ford**
                                                          Graydon Head & Ritchey LLP
                                                          2400 Chamber Center Drive, Suite 300
                                                          Ft. Mitchell, KY 41017
                                                          (859) 578-7263
                                                          Email: dford@graydon.law
                                                          *PRO HAC VICE*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Michael A. Roberts**
                                                          Graydon Head & Ritchey LLP
                                                          312 Walnut Street, Suite 1800

Cincinnati, OH 45201
(513) 629-2799
Email: mroberts@graydon.law
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Robert Kenneth Wellington , II**
Graydon Head & Ritchey LLP
312 Walnut Street, Suite 1800
Cincinnati, OH 45202
(513) 629-2812
Email: kwellington@graydon.law
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/07/2020 | 65 | ORDER granting 64 Motion for Extension of Time to File Reply to Motion Re: 58 Plaintiff's MOTION to Certify Class *Conditional Certification of FLSA and to Permit Notice and Equitable Tolling and Incorporated Memorandum of Law* filed by Lindsay Rafferty. Replies due by 7/20/2020. Signed by Senior Judge Donald L. Graham on 7/7/2020. *See attached document for full details.* (scn) (Entered: 07/07/2020) |
| 07/06/2020 | 64 | Unopposed MOTION for Extension of Time to File Response/Reply/Answer as to 58 Plaintiff's MOTION to Certify Class *Conditional Certification of FLSA and to Permit Notice and Equitable Tolling and Incorporated Memorandum of Law* by Lindsay Rafferty. (Attachments: # 1 Text of Proposed Order Proposed Order)(Byrne, John) (Entered: 07/06/2020) |
| 07/02/2020 | 63 | RESPONSE in Opposition re 58 Plaintiff's MOTION to Certify Class *Conditional Certification of FLSA and to Permit Notice and Equitable Tolling and Incorporated Memorandum of Law* filed by Denny's, Inc.. Replies due by 7/9/2020. (Attachments: # 1 Affidavit Declaration of Joann Boykin, # 2 Affidavit Declaration of William Skiff, # 3 Affidavit Declaration of Brian T. Hart, # 4 Affidavit Declaration of Amy Mattis, # 5 Affidavit Declaration of Madeleine Weinel, # 6 Affidavit Declaration of Kamal Sadik, # 7 Affidavit Declaration of Luis A Santos)(Santos, Luis) (Entered: 07/02/2020) |
| 06/19/2020 | 62 | NOTICE OF CONSENT TO JOIN as party plaintiff by John Richard Byrne on behalf of Matthew Lowe. Attorney John Richard Byrne added to party Matthew Lowe(pty:pla). (Attachments: # 1 Exhibit A) (Byrne, John) (Entered: 06/19/2020) |
| 06/16/2020 | 61 | ORDER granting in part and denying in part 59 Unopposed Motion for Extension of Time to File Response/Reply to Motion as to 58 Plaintiff's MOTION to Certify Class *Conditional Certification of FLSA and to Permit Notice and Equitable Tolling and Incorporated Memorandum of Law* filed by Lindsay Rafferty. Responses due by 7/2/2020. Signed by Senior Judge Donald L. Graham on 6/16/2020. *See attached document for full details.* (ls) (Entered: 06/16/2020) |
| 06/16/2020 | 60 | Clerks Notice to Filer re 59 Unopposed MOTION for Extension of Time to Respond to Plaintiff's Motion for Conditional Certification of FLSA Collective Action and to Permit Notice and Equitable Tolling re 58 Plaintiff's MOTION to Certify Class *Conditional.* **Wrong Motion Relief(s) Selected**; ERROR - The Filer selected the wrong |

| | | |
|---|---|---|
| | | *motion relief(s) when docketing the motion. The correction was made by the Clerk. It is not necessary to refile this document but future motions filed must include applicable reliefs.* (ls) (Entered: 06/16/2020) |
| 06/15/2020 | 59 | Unopposed Motion for Extension of Time to File Response/Reply/Answer as to 58 Plaintiff's MOTION to Certify Class *Conditional Certification of FLSA and to Permit Notice and Equitable Tolling and Incorporated Memorandum of Law* by Denny's, Inc.. Responses due by 6/29/2020 (Attachments: # 1 Text of Proposed Order)(Santos, Luis) Modified Relief on 6/16/2020 (ls). (Entered: 06/15/2020) |
| 06/08/2020 | 58 | Plaintiff's MOTION to Certify Class *Conditional Certification of FLSA and to Permit Notice and Equitable Tolling and Incorporated Memorandum of Law* by Lindsay Rafferty. Responses due by 6/22/2020 (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P, # 17 Exhibit Q)(Byrne, John) (Entered: 06/08/2020) |
| 05/05/2020 | 57 | SECOND AMENDED ORDER Rescheduling Mediation before Karen Evans. Mediation Hearing set for 8/6/2020 10:00 AM. Signed by Senior Judge Donald L. Graham on 5/5/2020. *See attached document for full details.* (ls) (Entered: 05/05/2020) |
| 05/04/2020 | 56 | Second NOTICE of Mediation Hearing. Mediation Hearing set for 08/06/2020 at 10:00 a.m.. (Santos, Luis) (Entered: 05/04/2020) |
| 04/22/2020 | 55 | Amended ORDER Scheduling Mediation before Karen Evans: Mediation Hearing set for 5/19/2020 10:00 AM Signed by Senior Judge Donald L. Graham on 4/21/2020. *See attached document for full details.* (lk) (Entered: 04/22/2020) |
| 04/22/2020 | 54 | Clerks Notice of Docket Correction re 52 Notice of Mediator Selection and/or Hearing. **Correction** Other: Notice of mediator selection and hearing redocketed as an Order. (lk) (Entered: 04/22/2020) |
| 04/21/2020 | 53 | ORDER Scheduling Mediation before Karen Evans: Mediation Hearing set for 5/22/2020 10:00 AM Signed by Senior Judge Donald L. Graham on 4/21/2020. *See attached document for full details.* (lk) (Entered: 04/22/2020) |
| 04/21/2020 | 52 | Entry made in error. (lk) Modified text and restricted image on 4/22/2020 (lk). (Entered: 04/22/2020) |
| 04/21/2020 | 51 | Amended NOTICE of Mediation Hearing. Mediation Hearing set for 05/19/2020 at 10:00 a.m.. (Santos, Luis) (Entered: 04/21/2020) |
| 04/03/2020 | 50 | AMENDED SCHEDULING ORDER Resetting Pretrial Conference and Trial Dates granting 49 Joint Motion for Extension of Time. Telephonic Calendar Call set for 9/23/2020 02:00 PM before Senior Judge Donald L. Graham. Jury Trial set for 9/28/2020 in Miami Division before Senior Judge Donald L. Graham. Telephonic Pretrial Conference set for 8/26/2020 02:00 PM before Senior Judge Donald L. Graham. Signed by Senior Judge Donald L. Graham on 4/3/2020. *See attached document for full details.* (ls) (Entered: 04/06/2020) |
| 03/30/2020 | 49 | Joint MOTION for Extension of Time to Permit the Parties to extend deadlines 60 days re 34 SCHEDULING REPORT - Rule 26(f)/16.1 by Denny's, Inc.. Responses due by 4/13/2020 (Attachments: # 1 Text of Proposed Order Joint Proposed Order)(Santos, Luis) (Entered: 03/30/2020) |

| 03/17/2020 | 48 | NOTICE OF CONSENT TO JOIN as party plaintiff by John Richard Byrne on behalf of Lindsay Rafferty, Elizabeth Newton. Attorney John Richard Byrne added to party Elizabeth Newton(pty:pla). (Attachments: # 1 Exhibit A) (Byrne, John) (Entered: 03/17/2020) |
|---|---|---|
| 03/13/2020 | 47 | NOTICE OF CONSENT TO JOIN as party plaintiff by John Richard Byrne on behalf of Lindsay Rafferty, Chelsea Furman. Attorney John Richard Byrne added to party Chelsea Furman(pty:pla). (Attachments: # 1 Exhibit A) (Byrne, John) (Entered: 03/13/2020) |
| 03/06/2020 | 46 | Clerks Notice to Filer re 44 Notice of Mediator Selection and/or Hearing. **Wrong Event Selected**; ERROR - The Filer selected the wrong event. It is not necessary to refile this document. (ls) (Entered: 03/06/2020) |
| 03/05/2020 | 45 | ORDER Scheduling Mediation before Karen Evans. Mediation Hearing set for 4/22/2020 10:00 AM. Signed by Senior Judge Donald L. Graham on 3/5/2020. *See attached document for full details.* (ls) (Entered: 03/06/2020) |
| 03/05/2020 | 44 | Joint NOTICE of Mediator Selection. Selected/Added Karen Evans as Mediator. (Attachments: # 1 Text of Proposed Order Exhibit A)(Byrne, John) (Entered: 03/05/2020) |
| 02/27/2020 | 43 | ORDER granting 42 Unopposed Motion for Clarification of Scheduling Order. Signed by Senior Judge Donald L. Graham on 2/26/2020. *See attached document for full details.* (ls) (Entered: 02/27/2020) |
| 02/20/2020 | 42 | Unopposed MOTION for clarification 38 Scheduling Order,, by Lindsay Rafferty. Responses due by 3/5/2020 (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Byrne, John) (Entered: 02/20/2020) |
| 02/13/2020 | 41 | ORDER REFERRING MOTIONS to Magistrate Judge Chris M. McAliley. Signed by Senior Judge Donald L. Graham on 2/13/2020. *See attached document for full details.* (ls) (Entered: 02/13/2020) |
| 02/13/2020 | 40 | ORDER REFERRING CASE to Mediation. Signed by Senior Judge Donald L. Graham on 2/13/2020. *See attached document for full details.* (ls) (Entered: 02/13/2020) |
| 02/13/2020 | 39 | ORDER REFERRING CASE to Magistrate Judge Chris M. McAliley for Discovery Matters. Signed by Senior Judge Donald L. Graham on 2/13/2020. *See attached document for full details.* (ls) (Entered: 02/13/2020) |
| 02/13/2020 | 38 | SCHEDULING ORDER: Jury Trial set for 7/20/2020 in Miami Division before Senior Judge Donald L. Graham. Telephonic Calendar Call set for 7/15/2020 02:00 PM before Senior Judge Donald L. Graham. Telephonic Pretrial Conference set for 6/17/2020 02:00 PM before Senior Judge Donald L. Graham. Signed by Senior Judge Donald L. Graham on 2/13/2020. *See attached document for full details.* (ls)<br><br>**Pattern Jury Instruction Builder - To access the latest, up to date changes to the 11th Circuit Pattern Jury Instructions go to https://pji.ca11.uscourts.gov or click here.** (Entered: 02/13/2020) |
| 02/12/2020 | 37 | Minute Entry for proceedings held before Senior Judge Donald L. Graham: Status Conference held on 2/12/2020. Court Reporter: Ilona Lupowitz, 305-523-5634 / Ilona_lupowitz@flsd.uscourts.gov. (cf) (Entered: 02/12/2020) |

| 02/10/2020 | 36 | STATUS REPORT *(Joint)* by Denny's, Inc. (Santos, Luis) (Entered: 02/10/2020) |
|---|---|---|
| 02/10/2020 | 35 | Joint Election to Jurisdiction for Final Disposition of Motions . Filed by Denny's, Inc. (Santos, Luis) (Entered: 02/10/2020) |
| 02/07/2020 | 34 | Joint SCHEDULING REPORT **- Rule 16.1** by Denny's, Inc. (Attachments: # 1 Exhibit A - Proposed Joint Scheduling Order)(Santos, Luis) (Entered: 02/07/2020) |
| 01/21/2020 | 33 | RESPONSE *to Plaintiff's Statement of Claim* by Denny's, Inc.. (Santos, Luis) (Entered: 01/21/2020) |
| 01/15/2020 | 32 | ORDER granting 30 Motion to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Attorney(s) Gerald D. Wells, III. Signed by Senior Judge Donald L. Graham on 1/14/2020. *See attached document for full details.* (ls) (Entered: 01/15/2020) |
| 01/14/2020 | 31 | NOTICE Setting Telephonic Status Conference, ( Telephonic Status Conference set for 2/12/2020 02:00 PM before Senior Judge Donald L. Graham.) Signed by Senior Judge Donald L. Graham on 1/14/2020. *See attached document for full details.* (ls) (Entered: 01/14/2020) |
| 01/13/2020 | 30 | MOTION to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Gerald D. Wells, III. Filing Fee $ 75.00 Receipt # 113C-12301513 by Lindsay Rafferty. Responses due by 1/27/2020 (Attachments: # 1 Text of Proposed Order)(Byrne, John) (Entered: 01/13/2020) |
| 01/06/2020 | 29 | Notice of Court Practice in FLSA Cases. Signed by Senior Judge Donald L. Graham on 12/17/2019. *See attached document for full details.* (ls) (Entered: 01/06/2020) |
| 01/03/2020 | 28 | Clerks Notice to Filer re 26 Notice of Entry of Parties Listed into CM/ECF,. **Attorney Did Not Associate Themselves**; ERROR - Filing attorney neglected to associate themselves to the case. The Clerk has added the attorney to the case. It is not necessary to refile this document future filings must comply with the CM/ECF Administrative Procedures and Local Rules by filing a Notice of Attorney Appearance and linking themselves to the case. (ls) (Entered: 01/03/2020) |
| 01/03/2020 | 27 | ORDER granting 23 Motion to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Attorney(s) Darren W. Ford. Signed by Senior Judge Donald L. Graham on 1/2/2020. *See attached document for full details.* (ls) (Entered: 01/03/2020) |
| 01/02/2020 | 26 | Notice of Entry of Parties Listed on 25 Clerks Notice of Docket Correction and Instruction to Filer **- Attorney**, into CM/ECF. <span style="color:red">NOTE: New Filer(s) will appear twice, since they are also a new party in the case.</span> New Filer(s)/Party(s): Chris Lanpher, Jillian Parker and Patricia Puanani. (Byrne, John) (Entered: 01/02/2020) |
| 01/02/2020 | 25 | Clerks Notice to Filer re 24 Notice of Consent to Join. **Parties/Mediator Not Added**; ERROR - The Filer failed to add all parties from the complaint/petition/removal, etc. or the mediator. Filer is instructed to file a Notice of Entry of Parties Listed into CM/ECF and add the additional parties. (ls) (Entered: 01/02/2020) |
| 12/30/2019 | 24 | NOTICE OF CONSENT TO JOIN as party plaintiff by John Richard Byrne on behalf of Lindsay Rafferty (Attachments: # 1 Exhibit Composite Exhibit A) (Byrne, John) (Entered: 12/30/2019) |

| 12/23/2019 | 23 | MOTION to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Darren W. Ford. Filing Fee $ 75.00 Receipt # 113C-12251734 by Denny's, Inc.. Responses due by 1/6/2020 (Attachments: # 1 Text of Proposed Order)(Santos, Luis) (Entered: 12/23/2019) |
| 12/20/2019 | 22 | ORDER granting 20 Motion to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Attorney(s) Robert Kenneth (Kent) Wellington, II. Signed by Senior Judge Donald L. Graham on 12/17/2019. *See attached document for full details.* (jao) (Entered: 12/20/2019) |
| 12/20/2019 | 21 | ORDER granting 19 Motion to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Attorney(s) Michael A. Roberts. Signed by Senior Judge Donald L. Graham on 12/17/2019. *See attached document for full details.* (jao) (Entered: 12/20/2019) |
| 12/13/2019 | 20 | MOTION to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Robert Kenneth (Kent) Wellington, II. Filing Fee $ 75.00 Receipt # 113C-12226090 by Denny's, Inc.. Responses due by 12/27/2019 (Attachments: # 1 Text of Proposed Order)(Santos, Luis) (Entered: 12/13/2019) |
| 12/13/2019 | 19 | MOTION to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Michael A. Roberts. Filing Fee $ 75.00 Receipt # 113C-12225846 by Denny's, Inc.. Responses due by 12/27/2019 (Attachments: # 1 Text of Proposed Order)(Santos, Luis) (Entered: 12/13/2019) |
| 12/11/2019 | 18 | NOTICE of Attorney Appearance by Todd Sidney Aidman on behalf of Denny's, Inc.. Attorney Todd Sidney Aidman added to party Denny's, Inc.(pty:dft). (Aidman, Todd) (Entered: 12/11/2019) |
| 12/11/2019 | 17 | ANSWER and Affirmative Defenses to Complaint by Denny's, Inc.. Attorney Luis Santos added to party Denny's, Inc.(pty:dft). (Santos, Luis) (Entered: 12/11/2019) |
| 12/06/2019 | 16 | ORDER granting 13 Motion to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Attorney(s) Matthew D. Brady. Signed by Senior Judge Donald L. Graham on 12/5/2019. *See attached document for full details.* (ls) (Entered: 12/06/2019) |
| 12/06/2019 | 15 | ORDER granting 12 Motion to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Attorney(s) Edward W. Ciolko. Signed by Senior Judge Donald L. Graham on 12/6/2019. *See attached document for full details.* (ls) (Entered: 12/06/2019) |
| 12/06/2019 | 14 | ORDER granting 11 Motion to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Attorney(s) James P. McGraw, III.. Signed by Senior Judge Donald L. Graham on 12/5/2019. *See attached document for full details.* (ls) (Entered: 12/06/2019) |
| 12/04/2019 | 13 | MOTION to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Matthew D. Brady. Filing Fee $ 75.00 Receipt # 113C-12197100 by Lindsay Rafferty. Responses due by 12/18/2019 (Attachments: # 1 Text of Proposed Order)(Byrne, John) (Entered: 12/04/2019) |
| 12/04/2019 | 12 | MOTION to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Edward W. Ciolko. Filing Fee $ |

|  |  |  |
|---|---|---|
|  |  | 75.00 Receipt # 113C-12197036 by Lindsay Rafferty. Responses due by 12/18/2019 (Attachments: # 1 Text of Proposed Order)(Byrne, John) (Entered: 12/04/2019) |
| 12/04/2019 | 11 | MOTION to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for James P. McGraw, III. Filing Fee $ 75.00 Receipt # 113C-12196854 by Lindsay Rafferty. Responses due by 12/18/2019 (Attachments: # 1 Text of Proposed Order)(Byrne, John) (Entered: 12/04/2019) |
| 11/22/2019 | 10 | ORDER granting 7 Motion to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Attorney(s) Clifford P. Bendau, II. Signed by Senior Judge Donald L. Graham on 11/22/2019. *See attached document for full details.* (ls) (Entered: 11/25/2019) |
| 11/22/2019 | 9 | ORDER granting 6 Motion to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Attorney(s) James L. Simon. Signed by Senior Judge Donald L. Graham on 11/22/2019. *See attached document for full details.* (ls) (Entered: 11/25/2019) |
| 11/22/2019 | 8 | SUMMONS (Affidavit) Returned Executed on 1 Complaint with a 21 day response/answer filing deadline pursuant to Fed. R. Civ. P. 12 by Lindsay Rafferty. Denny's, Inc. served on 11/20/2019, answer due 12/11/2019. (Byrne, John) (Entered: 11/22/2019) |
| 11/21/2019 | 7 | MOTION to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Clifford P. Bendau, II. Filing Fee $ 75.00 Receipt # 113C-12169901 by Lindsay Rafferty. Responses due by 12/5/2019 (Attachments: # 1 Text of Proposed Order)(Byrne, John) (Entered: 11/21/2019) |
| 11/21/2019 | 6 | MOTION to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for James L. Simon. Filing Fee $ 75.00 Receipt # 113C-12169832 by Lindsay Rafferty. Responses due by 12/5/2019 (Attachments: # 1 Text of Proposed Order)(Byrne, John) (Entered: 11/21/2019) |
| 11/15/2019 | 5 | Summons Issued as to Denny's, Inc.. (ls) (Entered: 11/15/2019) |
| 11/14/2019 | 4 | NOTICE of Filing Proposed Summons(es) by Lindsay Rafferty re 1 Complaint filed by Lindsay Rafferty (Byrne, John) (Entered: 11/14/2019) |
| 11/14/2019 | 3 | Bar Letter re: Admissions sent to attorney Clifford P. Bendau, II; James L. Simon; Edward W. Ciolko; Gerald D. Wells, III, mailing date November 14, 2019, (pt) (Entered: 11/14/2019) |
| 11/13/2019 | 2 | Clerks Notice of Judge Assignment to Senior Judge Donald L. Graham. <br><br> Pursuant to 28 USC 636(c), the parties are hereby notified that the U.S. Magistrate Judge Chris M. McAliley is available to handle any or all proceedings in this case. If agreed, parties should complete and file the Consent form found on our website. It is not necessary to file a document indicating lack of consent. <br><br> Pro se (NON-PRISONER) litigants may receive Notices of Electronic Filings (NEFS) via email after filing a Consent by Pro Se Litigant (NON-PRISONER) to Receive Notices of Electronic Filing. The consent form is available under the forms section of our website. (amb) (Entered: 11/14/2019) |

| 11/13/2019 | 1 | COMPLAINT *COLLECTIVE ACTION* against Denny's, Inc.. Filing fees $ 400.00 receipt number 113C-12145124, filed by Lindsay Rafferty. (Attachments: # 1 Civil Cover Sheet, # 2 Exhibit)(Byrne, John) (Entered: 11/13/2019) |

---

| **PACER Service Center** | | |
|---|---|---|
| **Transaction Receipt** | | |
| 07/09/2020 17:00:29 | | |
| **PACER Login:** | stb12258 | **Client Code:** | 9999-100 |
| **Description:** | Docket Report | **Search Criteria:** | 1:19-cv-24706-DLG |
| **Billable Pages:** | 8 | **Cost:** | 0.80 |