**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

DONALD GUARRIELLO, et al.,

      Plaintiffs,

v.                                                                          No. CV 19-1184 WJ/CG

YASHNA ASNANI, et al.,

      Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on Plaintiffs' *Motion to Show Cause* (the "Motion"), (Doc. 74), filed February 26, 2021; Defendants' *Response in Opposition to Plaintiffs' Motion to Show Cause* (the "Response"), (Doc. 78), filed March 12, 2021; and Plaintiffs' *Reply in Support of Motion to Show Cause* (the "Reply"), (Doc 79), filed March 17, 2021. On March 2, 2021, Chief United States District Judge William P. Johnson referred the Motion to the undersigned to perform legal analysis and recommend an ultimate disposition, pursuant to 28 U.S.C. § 636(b). (Doc. 76). The Court, having considered the Motion, the record of this case, the relevant law, and the arguments presented at the telephonic motion hearing held on April 5, 2021, **RECOMMENDS** that the Motion be **GRANTED IN PART**.

### I.    Factual and Procedural Background

On February 5, 2021, the Court filed a *Memorandum Opinion and Order* (the "February 5, 2021 Order"), (Doc. 68), granting in part and denying in part Plaintiffs' *Motion for Conditional Certification of FLSA Collective Action*, (Doc. 54). In particular, the Court conditionally certified the collective class of "[s]ervers employed at Defendants' New Mexico Denny's restaurant at any point from December 18, 2016 to

present[,]" but denied certification of "similarly situated [] out of state restaurant servers."

(Doc. 68 at 1, 15). The Court ordered Defendants to "produce to Plaintiffs a computer-

readable data file containing the names, addresses, email addresses, telephone

numbers, and dates of employment for the FLSA Collective Class" by February 19,

2021. *Id.* at 15. Further, the Court permitted Plaintiffs to send notice of this lawsuit to all

servers employed at Defendants' New Mexico Denny's restaurants during the relevant

period. *Id.*

On February 26, 2021, Plaintiffs filed the instant Motion, alleging Defendants had

failed to produce the data required by the February 5, 2021 Order. (Doc. 74 at 1). In the

Motion, Plaintiffs request the Court order Defendants to show cause why the Court

should not hold Defendants in contempt, impose attorney fees for the filing of this

Motion, and apply equitable tolling of the Fair Labor Standards Act ("FLSA") statute of

limitations for "any individuals that do opt-in to this matter once the notice can be sent

as ordered."[1] *Id.* at 2. Plaintiffs explain that Defendants produced only "indecipherable

pdf files," which exclude email addresses, telephone numbers, and dates of

employment. *Id.* at 1. Plaintiffs also express concern that Defendants' data may omit

servers who have worked in more than one position. (Doc. 79 at 2-3). Plaintiffs argue

that "[i]t would be administratively impracticable for Plaintiffs to send notice [to potential

class members]" given these deficiencies. *Id.* at 2.

In response, Defendants largely concede Plaintiffs' complaints. *See generally*

(Doc. 78). For instance, Defendants admit that the employee data they provided omits

---

[1] In the Motion, Plaintiffs further request the Court hold in abeyance Defendants' counsel's *Motion to Withdraw as Counsel*, (Doc. 72), until either the alleged deficiencies are cured, or Defendants retain substitute counsel. The Court has addressed this particular request and the *Motion to Withdraw as Counsel* in a separate Order. *See* (Doc. 84).

email addresses and telephone numbers, and indicate they will continue to search for

the missing information. *Id.* at 3-4. Defendants also admit that the employee data may

exclude "servers who Defendants employed from December 18, 2016, to December 31,

2016, and whose employment with Defendants ended within that thirteen-day

timeframe." *Id.* at 5-6. Nevertheless, Defendants ask the Court not to hold them in

contempt, and detail their ongoing efforts to provide the data required by the February

5, 2021 Order. *Id.* Defendants additionally ask the Court to dismiss the Motion because

Plaintiffs failed to seek concurrence before filing this Motion, in violation of District of

New Mexico Local Rule 7.1(a). *Id.* at 2-3.

Plaintiffs, in their Reply, maintain that Defendants have failed to provide the data

outlined in the February 5, 2021 Order, and expand upon the reasons they need such

data. (Doc. 79 at 1). Plaintiffs explain that they need telephone numbers in order to

obtain updated mailing addresses for any putative class members whose mail may

return as undeliverable. *Id.* Plaintiffs further explain that Defendants' noncompliance

with the February 5, 2021 Order has rendered Plaintiffs unable to send notice to the

members of the collective class. *Id.* Plaintiffs also note that they discussed the

deficiencies with the Defendants before filing the instant motion. *Id.*

At a telephonic motion hearing held on April 5, 2021, counsel discussed the

merits of the Motion, highlighting the arguments set forth in their briefing. (Doc. 82).

Defendants explained that they do not have any single document which is responsive to

the February 5, 2021 Order, and that searching for the requisite email addresses and

phone numbers would entail physically searching through hundreds of paper

applications, which may not even include the desired information. *Id.* Plaintiffs, in turn,

3

argued that personnel files, which they have already received for multiple named

plaintiffs, also include at least some of the relevant information. *Id.* Defendants assured

the Court that they would continue to attempt to comply with the February 5, 2021

Order. *Id.*

## II.     Legal Standard

Federal Rule of Civil Procedure 16(f)(1) empowers the Court "on motion or on its

own . . . to issue any just orders . . . if a party or its attorney . . . fails to obey a

scheduling or other pretrial order." Additionally, "[i]f a party . . . fails to obey an order to

provide or permit discovery," Federal Rule 37 permits the Court to, among other

sanctions, issue an order "treating as contempt of court the failure to obey any order

except an order to submit to a physical or mental examination." Fed. R. Civ. P.

37(b)(2)(A)(vii). Further, the Court "must order the party, its attorney, or both to pay the

reasonable expenses—including attorney's fees—incurred because of any

noncompliance with [Rule 16], unless the noncompliance was substantially justified or

other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(1).

## III.     Analysis

The parties do not dispute that Defendants have violated the February 5, 2021

Order. (Doc. 78); (Doc. 82). To date, Defendants have not definitively identified all

individuals who worked as servers at all of Defendants' Denny's restaurants in New

Mexico during the relevant period of time. *Id.* Moreover, Defendants have not provided

the full dates of employment, email addresses or telephone numbers for all the putative

Collective Members as ordered. *Id.* Defendants were required to provide this

information by February 19, 2021, and they failed to do so. *Id.*; (Doc. 68 at 15). The

4

Court thus finds that Defendants have failed to comply with the Court's February 5, 2021 Order.

However, Defendants have partially complied with the February 5, 2021 Order, and they have adequately detailed their ongoing attempts to fully comply. For instance, Defendants explain they are currently verifying that the data they ultimately provide will include the entire conditionally certified class of employees, and that they are continuing to search for phone numbers and email addresses. *See* (Doc. 78); (Doc. 82). As such, the Court finds it premature at this time to recommend Defendants be held in contempt of court under Rule 37(b), and sanctioned accordingly under Rule 16(f)(1). Rather, the Court recommends that ruling on those two issues be held in abeyance pending compliance with any order adopting these findings and recommendations. *See*, *e.g.*, *Drain v. Wells Fargo Bank, Minnesota, NA*, 6:04-cv-399 BB/KBM, 2005 WL 8163798, at *5-6 (D.N.M. June 17, 2005) (proposed findings and recommended disposition taking under advisement a request for contempt of court and fees). The Court also recommends Plaintiff's request to equitably toll the statute of limitations period for any individuals that opt-in to this case be held in abeyance.[2]

### IV.     Conclusion

The undersigned therefore **RECOMMENDS** the Court order as follows:

1. Defendants shall produce to Plaintiffs a computer-readable data file

    containing the names, addresses, email addresses, telephone numbers,

---

[2] The Court finds Defendants' request that Plaintiffs' Motion be denied under Local Rule 7.1 to be unavailing. Although D.N.M.LR-Civ. 7.1(a) requires recitation of a good-faith request for concurrence, the rule leaves this Court discretion to not deny a motion that violates the rule. First, Plaintiffs indicate they discussed the above deficiencies with the Defendants before filing this Motion. (Doc. 79 at 1). More importantly, a request for concurrence of a motion that seeks contempt of court and monetary sanctions is likely a futile request.

and dates of employment for all individuals that worked as a server at any

of Defendants' New Mexico Denny's restaurants at any point between

December 18, 2016 and the present, by no later than **May 24, 2021**.

2. The Court shall hold in abeyance Plaintiffs' request that Defendants be

held in contempt of the February 5, 2021 Order and Plaintiffs' request for

attorney fees, pending compliance with the above; and Defendants'

request for equitable tolling of the FLSA statute of limitations period for

any opt-in plaintiffs.

For the reasons set forth herein, the Court respectfully **RECOMMENDS** that the

Plaintiffs' *Motion to Show Cause*, (Doc. 74), be **GRANTED IN PART**.

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

---

THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE